■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL W. MACK, Appellant.—Main, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered August 12, 1983, upon a verdict convicting defendant of the crime of robbery in the second degree.

Defendant was indicted along with Jeffrey and Helen Bethune for the crime of robbery in the second degree in connection with the alleged robbery of Walter Childs on April 9, 1983. After plea bargaining negotiations, Jeffrey Bethune pleaded guilty to the crime charged. Thereafter, County Court granted a motion to sever the trial of Helen Bethune from that of defendant.

At defendant's trial, the People called as their only witness Childs and Jeffrey Bethune. Childs testified that he had been at a bar in the City of Albany with Helen Bethune. When Helen Bethune left the bar, Childs followed her and, in so doing, saw defendant and Jeffrey Bethune following him. After Childs caught up to Helen Bethune, he was struck in the back of the neck and fell to the ground. According to Childs, he was then kicked repeatedly and had money removed from his pockets. Childs did not see who had hit and robbed him. Jeffrey Bethune testified that he had acted as a "lookout" for defendant, who struck Childs and took money from his pockets. During Jeffrey Bethune's testimony, it was revealed that he had, after plea bargaining, pleaded guilty to

robbery in the second degree. In addition, after defendant's counsel suggested that Jeffrey Bethune's trial testimony may have been influenced as a result of the plea bargain, the People introduced into evidence a prior consistent statement given by Jeffrey Bethune to the police before plea bargaining negotiations had begun.

Defendant first argues that County Court committed reversible error when it failed to instruct the jury that Jeffrey Bethune's guilty plea could not be considered as proof of defendant's guilt. Because defendant's trial counsel neither requested that such an instruction be given nor excepted to the court's instructions, any alleged error that may have been committed has not been preserved for review (CPL 470.05 [2]; *see, People v Van Denburg,* 107 AD2d 891).

Moreover, we perceive no reason to reverse on the basis of this alleged error in the interest of justice (CPL 470.15 [6] [a]). Immediately after it was revealed at trial that Jeffrey Bethune had pleaded guilty to the crime of robbery in the second degree, the People introduced into evidence his prior consistent statement. It was at this crucial point in time that County Court instructed the jury that the statement, which at least in part formed the basis of Jeffrey Bethune's guilty plea, was to be considered only on the issue of his credibility and not on the issue of defendant's guilt or innocence. While the better approach would have been for County Court to have admonished the jury that no inference of defendant's guilt could be drawn from Jeffrey Bethune's guilty plea *(see, People v Lewis,* 107 AD2d 838, 840; *People v Barber,* 81 AD2d 943, 943-944), we deem that, under the circumstances of this case, the instruction that was in fact given was not so deficient as to warrant a reversal of his conviction in the interest of justice *(see,* CPL 470.15 [6] [a]).

Defendant next contends that County Court committed reversible error when it failed to charge the jury on the lesser included offense of robbery in the third degree. Since defendant did not request the submission to the jury of any lesser included offenses, he is now precluded from asserting any error in that regard (CPL 300.50 [2]; *see, People v Irving,* 107 AD2d 944, 945). We have examined defendant's remaining contention and find it to be equally unpersuasive.

Judgment affirmed. Mahoney, P. J., Kane, Main, Yesawich, Jr., and Harvey, JJ., concur.