■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER RICKS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered March 30, 1983, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal, the defendant first contends that the trial court's *Sandoval* ruling, permitting the prosecutor to ask the defendant whether he was convicted of a felony in 1955, a misdemeanor in 1969 and a felony in 1974, without going into the underlying facts, deprived him of the opportunity to testify, and of his right to a fair trial.

It is well settled that the extent to which the prosecution should be allowed to impeach the credibility of a defendant is a matter that is generally left to the sound discretion of the trial court *(see, People v Bennette,* 56 NY2d 142; *People v Duffy,* 36 NY2d 258, *cert denied* 423 US 861; *People v Frumerin,* 121 AD2d 736, *lv denied* 68 NY2d 812). The fact that two

of these convictions were more than 10 years old did not, by itself, require preclusion of impeachment with regard to these convictions *(see, People v Scott,* 118 AD2d 881, *lv denied 67 NY2d 1056).* Additionally, by precluding the prosecutor from eliciting the underlying facts (the so-called *"Sandoval* compromise"), the court avoided any undue prejudice which could have resulted if the jury learned that the defendant's previous violent criminal behavior was similar to the offense charged *(see, People v Scott, supra; People v Hicks,* 88 AD2d 519).

The defendant's claim that he was deprived of a fair trial due to comments made by the prosecutor in summation was not preserved for appellate review because of his failure to object at trial (CPL 470.05 [2]; *People v Nuccie,* 57 NY2d 818; *People v Young,* 118 AD2d 745, *lv denied* 67 NY2d 1058). In any event, the prosecutor's comments constituted a fair response to defense counsel's closing arguments *(see, People v Saylor,* 115 AD2d 671, *lv denied* 67 NY2d 889). The sentence imposed, which was the statutory minimum, was appropriate.

The defendant's claim that he was not afforded the effective assistance of counsel is based largely on facts dehors the record. Thus, his appropriate remedy is to bring a postconviction proceeding pursuant to CPL 440.10 *(see, People v Brown,* 45 NY2d 852; *People v Robinson,* 122 AD2d 173, *lv denied* 68 NY2d 1003). Insofar as we have been able to review his ineffective assistance claim, we find that defense counsel's performance met the standard of meaningful representation.

We have reviewed the remaining contentions in the defendant's supplemental *pro se* brief and find them to be without merit. Bracken, J. P., Niehoff, Kooper and Sullivan, JJ., concur.