■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROCCO MININNI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered February 5, 1987, convicting him of burglary in the second degree and grand larceny in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On two occasions, the defendant requested, and was given, additional time to secure a transcript of a preliminary hearing. On the afternoon of jury selection, he announced that he was ready for trial pending receipt of this transcript. The following afternoon, the defendant announced that he was ready for trial without any qualification whatsoever, and trial began. There was no indication that the defendant had not yet received the transcript, or that he did not want to proceed without it. Nor did he raise any objection concerning the failure to receive the transcript prior to the defendant's cross-examination of the police trial witnesses who had also been hearing witnesses. Not until the end of the People's case did the defendant argue that his cross-examination had been restricted by the fact that he had not been provided with the transcript. Under the circumstances, the trial court's refusal to grant any relief at that time was not an improvident exercise of discretion.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The record fully supports the defendant's conviction. His fingerprint was found on the inside glass of a basement window in the premises which had been forced open, and the jury could properly have concluded from this evidence that the defendant was guilty of the crimes charged beyond a reasonable doubt *(see, People v Mercado,* 117 AD2d 627, 628).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.