■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SMILOVICH, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered June 30, 1986, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was indicted, *inter alia,* for the criminal sale and criminal possession of cocaine on two separate occasions, February 13, 1985, and February 20, 1985. After trial, the defendant was acquitted of counts one and two of the indictment which related to the February 13, 1985, incident, but was found guilty of count three of the indictment which related to the February 20, 1985, incident. Under these circumstances, the defendant's claim of repugnancy, which, in any event is not preserved for appellate review *(People v Satloff,* 56 NY2d 745, 746), is without merit *(People v Tucker,* 55 NY2d 1).

The defendant also argues that the trial court's *Sandoval* ruling, by allowing the People to cross-examine the defendant regarding his 1983 conviction for criminal sale of a controlled substance, was erroneous. Specifically, the defendant argues that this prior conviction was too remote in time to warrant its use on cross-examination. We disagree. In rejecting a similar argument concerning prior convictions which were over 10 years old, this court recently held: "It is well settled that the extent to which the prosecution should be allowed to impeach the credibility of a defendant is a matter that is generally left to the sound discretion of the trial court *(see, People v Bennette,* 56 NY2d 142; *People v Duffy,* 36 NY2d 258, *cert denied* 423 US 861; *People v Frumerin,* 121 AD2d 736, *lv denied* 68 NY2d 812). The fact that two of these convictions were more than 10 years old did not, by itself, require preclusion of impeachment with regard to these convictions *(see, People v Scott,* 118 AD2d 881, *lv denied* 67 NY2d 1056)" *(People v Ricks,* 135 AD2d 844, 845).

We have reviewed the defendant's remaining arguments, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review or without merit (CPL 470.05 [2]; *People v Culhane,* 45 NY2d 757, *cert denied* 439 US 1047; *People v Marks,* 6 NY2d 67, 78, *cert denied* 362 US 912; *People v Baldi,* 54 NY2d 137; *People v Suitte,* 90 AD2d 80). Mangano, J. P., Bracken, Sullivan and Balletta, JJ., concur.