■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN HARDEN, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Wexner, J.), rendered June 20, 1989, convicting him of burglary in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the provisions of the sentence concerning restitution; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for a hearing and a new determination concerning the proper amount of restitution and the manner of payment thereof.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of the crimes charged beyond a reasonable doubt. A review of the

record reveals that the defendant's fingerprints were found on a tin wine canister in a storage area used by County Line Wine and Liquor Store and on a cash register in a "courtesy booth" at a Key Food Supermarket, both areas which are inaccessible to the public. In the absence of evidence that the fingerprints were not those of the defendant, or that the prints were placed on those surfaces innocently, the jury justifiably found that the defendant was guilty of burglary *(see, People v Spruill,* 155 AD2d 706; *People v Mininni,* 152 AD2d 754).

Furthermore, contrary to the defendant's contention, the trial court adequately informed the jury of its responsibility in a case based wholly on circumstantial evidence. The use of the words "moral certainty" is not required, so long as the jury is instructed in substance that "the inference of guilt is the only one that can fairly and reasonably be drawn from the facts, and that the evidence excludes beyond a reasonable doubt every reasonable hypothesis of innocence" *(People v Sanchez,* 61 NY2d 1022, 1024). In this case, the court's charge was sufficient in this regard.

However, we agree with the defendant that the sentencing court erred by not conducting a hearing on the issue of restitution. The record does not contain sufficient evidence to allow for an accurate determination of the proper amount of restitution and the proper manner of payment *(see,* Penal Law § 60.27 [2]). Moreover, there was no showing as to how the amount of restitution was determined. Accordingly, the matter is remitted to the County Court, Nassau County, to conduct a hearing on these issues with "due consideration * * * given to whether the defendant has the ability to pay" *(People v Barnes,* 135 AD2d 825, 826). Bracken, J. P., Eiber, Harwood and Balletta, JJ., concur.