■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO CEBEDA, Also Known as MANUEL FIGUEROA, Appellant. [621 NYS2d 659] —Appeal by the defendant from two judgments of the Supreme Court, Queens County (Berkowitz, J.), both rendered November 11, 1991, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. N10876/91, upon a jury verdict, and criminal sale of a controlled substance in the third degree under Indictment No. N11199/91, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

On appeal, the defendant contends that he was denied his constitutional right to a public trial with respect to Indictment No. N10876/91 because the court sealed the courtroom during the testimony of an undercover police officer. Prior to the closing of the courtroom, the court conducted an inquiry which established that the undercover officer was involved in three long-term undercover operations in Queens, that he was frequently in the area of 198th Street and Jamaica Avenue (the location of the defendant's arrest) because there was a park nearby where he participated in daily buy and bust operations, and that his life would be in jeopardy if his identity was to become known. Under these circumstances, the trial court did not improvidently exercise its discretion in closing the courtroom during the undercover officer's testimony (see, People v Martinez, 82 NY2d 436, 444).

In addition, the sentences imposed were neither harsh nor excessive under the circumstances (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review or without merit. Rosenblatt, J. P., Altman, Friedmann and Florio, JJ., concur.