THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL NICHOLSON, Respondent. [644 NYS2d 496]

Defendant, arraigned on a felony complaint filed on May 1, 1991, and released on his own recognizance, failed to appear in court for a *Mapp* hearing on September 20, 1991. On October 4, defense counsel informed the court that the defendant was incarcerated in New Jersey, and defense counsel agreed to an adjournment until November 8 "to try to work out some sort of disposition" in the matter. When defendant failed to appear on that date, the court directed his production by the People. On or about November 27, the People filed a writ of habeas corpus to have defendant produced from Union County, New Jersey; on December 13, the People informed the court that New Jersey authorities had declined to release defendant until sometime in February 1992. Over defense counsel objection, the court adjourned the case to February 7. Following two

calendar dates in February, the People advanced the case on February 24, and requested that a bench warrant be issued as a prelude to the extradition of defendant from New Jersey. The court issued the warrant, and the People filed a detainer and request for temporary custody pursuant to CPL article 580 on March 25, 1992. At some point, New Jersey authorities informed the People that defendant would not be released until he was eligible for parole in New Jersey, which date they initially calculated at June 22 and subsequently fixed at November 22, 1992. On December 8, 1992, defendant was produced in New York Supreme Court, and the People declared their readiness for trial on December 11.

Defendant thereafter moved for dismissal of the indictment on speedy trial grounds and, by written order dated April 16, 1993, the Supreme Court granted the motion. Noting that the People had conceded 107 days of time charged to them between May 1 and October 4, 1991, the court also charged against them the entire 140 day period between October 4, 1991, when the People first learned of defendant's incarceration, and February 24, 1992, when they first requested that a bench warrant be issued. The court based this ruling on its conclusion that (1) the People had requested the adjournment between October 4 and November 8, and (2) the People could not rely upon CPL 30.30 (4) (c) to exclude the November 8 to February 24 period, because they had not previously applied for a bench warrant to secure defendant's appearance.

We reverse. The record plainly indicates that the October 4 to November 8 adjournment was made with the express consent of defendant's counsel, and was consequently excludable pursuant to CPL 30.30 (4) (b) from the time within which the People were required to be ready for trial. Moreover, the motion court erred in concluding that CPL 30.30 (4) (c) demands application for a warrant as the talismanic index of prosecutorial due diligence. The language of the statute does not compel such a conclusion, and, as we noted in *People v White* (51 AD2d 221, 223), "rote formalism" is not required in the establishment of sound excuse for trial delay where another jurisdiction has declined to transfer custody of a defendant upon the People's request. "Refusal by another jurisdiction to surrender the defendant would, of course, be an excuse. All that the People would have to do is make the request, sincerely, for the surrender—a letter would do" (*People v Winfrey*, 20 NY2d 138, 144). Under the facts of this case, the filing of a writ of habeas corpus for defendant's return from New Jersey, together with the subsequent filing of a detainer, were sufficient to demon-

strate prosecutorial due diligence. While the People might have provided a more informative demonstration of the repeated refusal of New Jersey authorities to comply with the writ, the record in this matter is sufficient to establish that fact. Since the period between November 24 (the date of the filing of the writ) and February 24 (the date the People requested a bench warrant) should be excluded from the time within which the People were required to be ready for trial pursuant to CPL 30.30 (4) (c), defendant was not denied his right to a speedy trial. Concur—Murphy, P. J., Wallach, Ross, Nardelli and Williams, JJ.