■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDIE GONZALEZ, Appellant. [652 NYS2d 506] —Judgment, Supreme Court, New York County (Patricia Williams, J., on speedy trial motion; John Bradley, J., at jury trial and sentence), rendered July 24, 1995, convicting defendant of criminal possession of a controlled substance in the second degree and criminal possession of a weapon in the second and third degrees, and sentencing him to concurrent terms of 8 years to life, 4 to 12 years and 2 to 6 years, respectively, unanimously affirmed.

While defendant was a Federal prisoner in Rhode Island, the People were diligent and made reasonable efforts to obtain his presence for trial in New York (CPL 30.30 [4] [e]). Although the People made repeated requests for defendant's production, they were unequivocally advised by the Federal prosecutor that defendant would not be released prior to his Federal trial. Thereafter, for the next six months, the People called the Federal prosecutor frequently for updates on the status of defendant's Federal case. Under these circumstances, it was not necessary for the People to make the obviously futile gesture of obtaining a writ of habeas corpus ad prosequendum pursuant to CPL 580.30 (2), which would not have been binding upon the Department of Justice (*People v Nicholson*, 228 AD2d 154, 155-156).

We decline to review, in the interest of justice, defendant's unpreserved argument made pursuant to *People v Ryan* (82 NY2d 497). Concur—Milonas, J. P., Ellerin, Rubin and Mazzarelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ARLENE LIBOWITZ, Respondent, v JOSE MALDONADO, Respondent. [652 NYS2d 975] —Appeal from order, Supreme Court, Bronx County (Burton Hecht, J.), entered on or about March 24, 1995, dismissing appellant's writ of habeas corpus, unanimously dismissed, without costs, as academic.

Since appellant was released from custody on March 28, 1995 and was no longer under the jurisdiction of the Department of Probation as of June 28, 1995, his appeal challenging the dismissal of his petition for a writ of habeas corpus has been rendered academic and review is not warranted under the circumstances (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707). Concur—Milonas, J. P., Ellerin, Rubin and Mazzarelli, JJ.