■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN WASHINGTON, Appellant. [659 NYS2d 766] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Orgera, J.), rendered August 21, 1995, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, there was sufficient evidence to justify closing the courtroom during the testimony of the undercover officer. At a hearing conducted pursuant to *People v Hinton* (31 NY2d 71, *cert denied* 410 US 911), the undercover officer testified that he had numerous ongoing investigations in the area of the defendant's arrest, that he had been in that neighborhood two days before the *Hinton* hearing, and that he expected to return to the vicinity of the defendant's arrest the following week. He also testified that he was actively involved in undercover drug sales in the neighborhood surrounding the courthouse and that his life would be in

jeopardy if his identity became known. Under these circumstances, the trial court did not improvidently exercise its discretion in closing the courtroom while the undercover officer was on the witness stand *(see, People v Cebeda,* 211 AD2d 729; *People v Hill,* 209 AD2d 433; *People v Jamison,* 203 AD2d 385).

The defendant also objects to the trial court's *Sandoval* ruling permitting the prosecutor to cross-examine him, if he took the stand, about five out of his thirteen prior criminal acts. The fact that some of those convictions dated back to the 1970's did not, by itself, require preclusion for impeachment purposes *(see, People v Smilovich,* 157 AD2d 809). Moreover, where the defendant's prior criminal conduct indicates a disposition to place his self-interest above that of society, it is considered probative on the issue of credibility *(see, People v Sandoval,* 34 NY2d 371, 377).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Rosenblatt, Thompson and Krausman, JJ., concur.