■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE PAGE, Appellant. [745 NYS2d 193] —Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered December 3, 1999, convicting him of kidnapping in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered December 3, 1999, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, and imposing a sentence of imprisonment upon his previous conviction of criminal possession of a weapon in the third degree under Indictment No. 35/97.

Ordered that the judgment and amended judgment are affirmed.

The defendant claims that a statement made by the victim naming him as one of the perpetrators should not have been admitted into evidence. We disagree. The statement, which was made a few minutes after the victim had been shot and sustained serious injury, was properly admitted under the excited utterance exception to the hearsay rule (*see People v Brown,* 70 NY2d 513).

Additionally, the prosecutor's untimely disclosure of the victim's videotaped statement does not require reversal. Where there is a delay in providing *Rosario* material (*see People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866), a defendant is not entitled to reversal of the judgment of conviction unless there is a showing that he or she has been "substantially prejudiced"

by the late delivery (*see People v Best,* 186 AD2d 141). Here, the defendant failed to demonstrate that he suffered any prejudice from the People's tardy disclosure. The material was discovered during the cross-examination of the relevant witness, and defense counsel was permitted to stop his cross-examination of that witness and continue it after reviewing the *Rosario* material.

The defendant's remaining contentions are without merit. Goldstein, J.P., McGinity, Adams and Townes, JJ., concur.