■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN LAWRENCE, Appellant. [751 NYS2d 382] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered April 7, 2000, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court correctly denied that branch of the defendant's omnibus motion which was to suppress the evidence found in the vehicle in which he was a passenger. Having concluded that the initial encounter was lawful in its inception and that the subsequent intrusion was reasonably limited in scope and intensity, we agree that suppression was properly denied (*see People v Hollman,* 79 NY2d 181; *People v De Bour,* 40 NY2d 210).

Contrary to the defendant's contention, the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt because his accomplice's testimony was sufficiently corroborated by independent evidence connecting the defendant to the crime of which he was convicted (*see* CPL 60.22 [1]; *People v Breland,* 83 NY2d 286). The defendant's contention that the verdict was against the weight of the evidence because the accomplice's testimony was not credible is also without merit. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's contention that he was prejudiced as a result

of the trial court's jury instructions is unpreserved for appellate review since he failed to object to the charge as delivered, or request supplemental instructions (*see* CPL 470.05 [2]; *People v Mack,* 115 AD2d 790, 791). In any event, the trial court's charge, viewed in its entirety, adequately conveyed the appropriate legal standards to the jury (*see People v Mack, supra; People v Simmons,* 218 AD2d 677, 678).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Feuerstein, J.P., McGinity, Luciano and Schmidt, JJ., concur.