THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
WILLIAM ELDRIDGE, Appellant. [774 NYS2d 683]—

Judgment, Supreme Court, New York County (Brenda Soloff,
J., on speedy trial motion; John Stackhouse, J., at jury trial and
sentence), rendered May 18, 2001, convicting defendant of crim-
inal possession of a controlled substance in the fourth degree,
and sentencing him, as a second felony offender, to a term of 4
to 8 years, unanimously affirmed.

The court properly granted the People's reverse-*Batson* ap-
plication (*Batson v Kentucky*, 476 US 79 [1986]; *People v Kern*,
75 NY2d 638 [1990], *cert denied* 498 US 824 [1990]). The record
supports the court's finding of pretext. Such a finding, based
primarily on the court's assessment of counsel's credibility, is
entitled to great deference (*see People v Hernandez*, 75 NY2d
350 [1990], *affd* 500 US 352, 356-357 [1991]).

The court properly submitted to the jury the lesser offense of
criminal possession of a controlled substance in the fourth
degree, since there was a reasonable view of the evidence that
defendant committed the lesser but not the greater crime (*see
People v Scarborough*, 49 NY2d 364 [1980]). Under the circum-
stances of the case, the jury could have reasonably concluded
that defendant only possessed the portion of the drugs that an
officer observed in defendant's physical possession.

The court properly denied defendant's speedy trial motion.
The record supports the court's finding that the period during
which defendant was incarcerated in Pennsylvania is excludable
because the People exercised due diligence in securing his pres-
ence (CPL 30.30 [4] [e]). The People sufficiently established
that the Pennsylvania authorities would not permit defendant
to be extradited until at least January 2000, and that further ef-
forts to extradite defendant would have been futile (*see People v
Gonzalez*, 235 AD2d 366 [1997], *lv denied* 89 NY2d 1093 [1997]).

We note that while the People made no showing of their efforts to secure defendant's presence from January 1, 2000 to March 23, 2000, when he signed the waiver of extradition, that 82-day period is not dispositive. Concur—Tom, J.P., Andrias, Ellerin and Gonzalez, JJ.