■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID MACK, Appellant. [775 NYS2d 345]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered July 2, 2002, convicting him of burglary in the third degree, attempted robbery in the third degree, and harassment in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the Supreme Court's *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371 [1974]) is without merit. The court struck an appropriate balance between the probative value of the defendant's prior crimes on the issue of his credibility and the possible prejudice to the defendant (*see People v Williams,* 56 NY2d 236, 238-239 [1982]; *People v Sandoval, supra* at 375). The mere fact that some of the prior convictions were similar in nature to the instant offenses did not warrant their preclusion. The fact that the defendant chose to specialize in one type of criminal activity did not shield him from impeachment by use of prior convictions (*see People v Pavao,* 59 NY2d 282 [1983]; *People v Sokolov,* 245 AD2d 317 [1997]). In addition, by precluding the prosecutor from eliciting the underlying facts of seven admitted convictions, the Supreme Court avoided any undue prejudice to the defendant (*see People v Ricks,* 135 AD2d 844, 845 [1987]). Moreover, contrary to the defendant's contention, considering the length of the defendant's cumulative period of incarceration in the years between his earliest convictions and trial of this matter, those convictions were not so remote in time as to mandate preclusion (*see People v Peterson,* 262 AD2d 502 [1999]; *People v Maurer,* 186 AD2d 228 [1992]). Santucci, J.P., S. Miller, Schmidt and Townes, JJ., concur.