■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MELVIN, JR., Appellant. [782 NYS2d 682]—

Appeals by the defendant from (1) a judgment of the County Court, Orange County (DeRosa, J.), rendered July 8, 2003, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing an indeterminate sentence of 1⅓ to 4 years' imprisonment and restitution in the sum of $5,310, and (2) an amended judgment of the same court rendered July 29, 2003, vacating the indeterminate sentence imposed July 8, 2003, and imposing a determinate sentence of two years imprisonment and restitution in the sum of $5,310.

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the amended judgment; and it is further,

Ordered that the amended judgment is modified, on the law, by vacating the provisions of the sentence concerning restitution; as so modified, the amended judgment is affirmed, and the matter is remitted to the County Court, Orange County, for a hearing and a new determination concerning the proper amount of restitution and the manner of payment thereof.

As correctly conceded by the People, the sentencing court erred in failing to conduct a hearing on the issue of restitution. The record does not contain sufficient evidence to accurately determine the proper amount of restitution and the proper manner of payment (*see* Penal Law § 60.27 [2]; *People v Harden,* 174 AD2d 691 [1991]). Moreover, there was no showing as to how the amount of restitution was determined. Accordingly, we remit the matter to the County Court, Orange County, to conduct

a hearing on these issues with " 'due consideration . . . given to whether the defendant has the ability to pay' " (*People v Harden, supra* at 692, quoting *People v Barnes,* 135 AD2d 825, 826 [1987]). Altman, J.P., Goldstein, Schmidt, Cozier and Skelos, JJ., concur.