■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN LAWRENCE, Appellant. [794 NYS2d 118]—

Application by the appellant for a writ of error coram nobis to vacate a decision and order of this Court dated October 7, 2002 (*see People v Lawrence*, 298 AD2d 405 [2002]), affirming a judgment of the County Court, Suffolk County, rendered April 7, 2000, on the ground of ineffective assistance of appellate counsel. Justices Florio and Howard Miller have been substituted for former Justices Feuerstein and McGinity (*see* 22 NYCRR 670.1 [c]).

Ordered that the application is granted, and the decision and order of this Court dated October 7, 2002, is vacated; and it is further,

Ordered that the judgment is modified, on the law, by vacat-

ing the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for resentencing.

Contrary to the defendant's contention, the hearing court correctly denied that branch of the defendant's omnibus motion which was to suppress the evidence found in the vehicle in which he was a passenger. Having concluded that the initial encounter was lawful in its inception and that the subsequent intrusion was reasonably limited in scope and intensity, we agree that suppression was properly denied (*see People v Hollman,* 79 NY2d 181 [1992]; *People v De Bour,* 40 NY2d 210 [1976]).

Contrary to the defendant's contention, the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt because his accomplice's testimony was sufficiently corroborated by independent evidence connecting the defendant to the crime of which he was convicted (*see* CPL 60.22 [1]; *People v Breland,* 83 NY2d 286 [1994]). The defendant's contention that the verdict was against the weight of the evidence because the accomplice's testimony was not credible is also without merit. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's contention that he was prejudiced as a result of the trial court's jury instructions is unpreserved for appellate review since he failed to object to the charge as delivered, or request supplemental instructions (*see* CPL 470.05 [2]; *People v Mack,* 115 AD2d 790, 791 [1985]). In any event, the trial court's charge, viewed in its entirety, adequately conveyed the appropriate legal standards to the jury (*see People v Mack, supra; People v Simmons,* 218 AD2d 677, 678 [1995]).

The sentence imposed, however, must be vacated. As the People correctly concede, it was error for the County Court to sentence the defendant as a persistent violent felony offender based on his federal conviction of possession of a firearm under 18 USC § 922 (g) (1). The predicate crime in this case did not require as one of its elements that the firearm be loaded, whereas the New York crime which the People argued was equivalent to the federal crime, Penal Law § 265.02 (4), requires pos-

session of a loaded firearm. Possession of an unloaded firearm pursuant to Penal Law § 265.01 (1) is a misdemeanor. Accordingly, the sentence imposed must be vacated, and the matter remitted to the County Court, Suffolk County, for resentencing.

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Florio, J.P., H. Miller, Schmidt and Luciano, JJ., concur.