■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES M. MYRON, Appellant. [814 NYS2d 198]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered March 26, 1999, convicting him of scheme to defraud in the first degree (two counts), grand larceny in the third degree (four counts), grand larceny in the fourth degree (three counts), and forgery in the second degree (five counts), upon a jury verdict, and imposing sentence, including restitution in the sum of $29,431.

Ordered that the judgment is modified, on the law, by vacating the provisions of the sentence concerning restitution; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Rockland County, for a hearing and a new determination concerning the proper amount of restitution and the manner of payment thereof.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Dieppa*, 285 AD2d 558 [2001]; *People v Lynch*, 283 AD2d 442 [2001]).

The County Court properly denied the defendant's speedy trial motion. The defendant contends that the time period from May 13, 1997 until September 17, 1998, the period during which he was held in custody in the State of California on unrelated charges, should have been charged to the People for speedy trial purposes because the People were not diligent in their efforts to obtain his presence in New York to stand trial on the charges in this case (*see* CPL 30.30 [4] [e]). We disagree. The People filed a detainer warrant and wrote to California authorities informing them of New York's desire to extradite the defendant to stand trial in New York on the charges. Thus, we find that the People were diligent in their efforts (*see People v Eldridge*, 5 AD3d 282 [2004]; *People v Maisonet*, 304 AD2d 674, 675 [2003]).

The defendant's contention that his arraignment was improper pursuant to CPL 210.15 (1), as the County Court failed to read the indictment to him, is without merit as the record demonstrates that he and his assigned counsel were furnished a copy of the indictment and informed of the charges against him

(*see People v Steed*, 17 AD3d 928, 929 [2005]; *People v Buckner*, 274 AD2d 832, 833 [2000]).

The defendant's challenge to the County Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) is without merit. The County Court struck an appropriate balance between the probative value of the defendant's prior crimes on the issue of his credibility and the possible prejudice to the defendant (*see People v Springer*, 13 AD3d 657 [2004]; *People v Mack*, 6 AD3d 551 [2004]). The defendant failed to meet his burden of demonstrating that the prejudicial effect of the evidence of his prior convictions so outweighed its probative worth that its exclusion was warranted (*see People v Sandoval, supra* at 378; *People v Simmons*, 213 AD2d 433, 434 [1995]). The mere fact that some of the prior convictions were similar in nature to the instant offenses did not warrant their preclusion (*see People v Mack, supra*; *People v Hallingquest*, 295 AD2d 364 [2002]). The prior offenses were probative of the defendant's willingness to place his interests above those of society (*see People v Duffy*, 36 NY2d 258, 262 [1975], *cert denied* 423 US 861 [1975]; *People v Turner*, 239 AD2d 447, 448 [1997]), and by precluding the prosecutor from eliciting the underlying facts of the defendant's convictions, the County Court avoided any undue prejudice to the defendant (*see People v Mack, supra* at 551; *People v Ricks*, 135 AD2d 844, 845 [1987]). Finally, the fact that one of the defendant's convictions was more than 20 years old did not, in and of itself, require preclusion of that conviction for impeachment purposes (*see People v Turner, supra* at 448; *People v Washington*, 240 AD2d 521, 522 [1997]; *People v Smilovich*, 157 AD2d 809, 810 [1990]).

The defendant's contention that he was prejudiced as a result of the County Court's jury instructions is without merit. The County Court's charge, viewed in its entirety, adequately conveyed the appropriate legal standards to the jury (*see People v Lawrence*, 17 AD3d 697 [2005]; *People v Mack*, 115 AD2d 790, 791 [1985] ; *People v Simmons*, 218 AD2d 677, 678 [1995]).

In addition, the defendant's contention that he was prejudiced by the late disclosure of certain *Rosario* and *Brady* material (*see Brady v Maryland*, 373 US 83 [1963]; *People v Rosario*, 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]), is without merit. The defendant failed to demonstrate that he suffered any prejudice from the delay in disclosure (*see* CPL 240.75; *People v Poladian*, 2 AD3d 755 [2003]; *People v King*, 298 AD2d 530, 531 [2002]; *People v Collins*, 283 AD2d 437, 438 [2001]; *People v Rodriguez*, 269 AD2d 613 [2000]). The material was discovered before cross-examination of the relevant witness (*see People v*

*Page,* 296 AD2d 427, 428 [2002]; *People v King, supra* at 531). While the People unquestionably have a duty to disclose exculpatory material in their control, "a defendant's constitutional right to a fair trial is not violated when, as here, he is given a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's witnesses or as evidence during his case" (*People v Cortijo,* 70 NY2d 868, 870 [1987]; *see People v Jacob,* 287 AD2d 740, 741 [2001]; *People v Robertson,* 275 AD2d 380 [2000]).

The People sustained their burden of proving, beyond a reasonable doubt, that the defendant was previously convicted of the felony upon which his adjudication as a second felony offender was based (*see* CPL 400.21; *People v Goldsmith,* 269 AD2d 465, 466 [2000]; *People v Espinoza,* 241 AD2d 554, 555 [1997]; *People v Williams,* 114 AD2d 871 [1985]). The defendant's conclusory allegations were insufficient to support his contention that the prior conviction was unconstitutionally obtained (*see People v Day,* 8 AD3d 495, 496 [2004]; *People v Allen,* 4 AD3d 479, 480 [2004]; *People v Owens,* 272 AD2d 481, 482 [2000]). Thus, the defendant was properly sentenced as a second felony offender.

As correctly conceded by the People, the County Court erred in failing to conduct a hearing on the issue of restitution. The record does not contain sufficient evidence to accurately determine the proper amount of restitution and the proper manner of payment (*see* Penal Law § 60.27 [2]; *People v Harden,* 174 AD2d 691, 692 [1991]). Moreover, there was no showing as to how the County Court determined the amount of restitution. Accordingly, we remit the matter to the County Court, Rockland County, to conduct a hearing on these issues with " 'due consideration . . . given to whether the defendant has the ability to pay' " (*People v Melvin,* 11 AD3d 639, 639-640 [2004], quoting *People v Harden, supra* at 692).

The defendant's contentions regarding the charge to the jury after the close of the evidence, read-backs of trial testimony, and alternate jurors mingling with other jurors are unpreserved for appellate review and, in any event, without merit. The defendant's remaining contentions are without merit. Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.