■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v INSSA MANE, Appellant. [826 NYS2d 855]—

Cardona, P.J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered August 12, 2005, upon a verdict convicting defendant of the crimes of burglary in the second degree (two counts), attempted sexual abuse in the first degree, unlawful imprisonment in the second degree, sexual abuse in the first degree, attempted coercion in the first degree, forcible touching and criminal trespass in the second degree.

Between approximately 3:00 A.M. and 10:30 A.M. on April 4, 2004, defendant entered four different apartments on Brinker-hoff Street in the City of Plattsburgh, Clinton County. All of the apartments were occupied by female college students, several of whom woke to find defendant in their bedrooms. He touched some of them and tried to force one to perform a sexual act, but in each instance the victims were able to make defendant leave. Police apprehended defendant at around 10:45 A.M. that same day, and he was identified by two victims who were brought to the location where he was detained. Following a jury trial, he was convicted on eight counts arising from the intrusions and sentenced to concurrent prison terms, of which the longest was six years with five years of postrelease supervision.

Defendant contends that, because more than six months elapsed between commencement of this action and the People's declaration of readiness for trial, his statutory speedy trial rights were violated (see CPL 30.30 [1] [a]). We disagree. While 290 days elapsed between filing of the initial felony complaints on April 4, 2004 and the People's statement of trial readiness at the January 19, 2005 arraignment, we find that 203 days can be excluded from that time. Specifically, from June 30, 2004 to January 19, 2005 defendant was in custody in Vermont awaiting trial on unrelated charges. Because the People made diligent, albeit unsuccessful, efforts to obtain defendant's presence for trial during that time, the entire period is excludable, leaving only 87 days chargeable to the People (see CPL 30.30 [4] [e]; *People v Myron*, 28 AD3d 681, 682 [2006]; *People v Eldridge*, 5 AD3d 282, 282 [2004], *lv denied* 2 NY3d 798 [2004]; *People v Garrett*, 207 AD2d 948, 949 [1994]).

Also unpersuasive is defendant's claim that County Court should have allowed testimony regarding a February 2004 assault in a state university dormitory in Plattsburgh as evidence of third-party culpability. Because that testimony would have only shown that the dormitory assault was also committed by a black male and the victim did not identify defendant as her as-

sailant, County Court correctly determined that the minimal probative value of such testimony was "outweighed [by] the countervailing considerations of undue delay and juror confusion" (*People v Morgan*, 24 AD3d 950, 954 [2005], *lv denied* 6 NY3d 815 [2006]; *see People v Schulz*, 4 NY3d 521, 528-529 [2005]).

Finally, defendant's argument that County Court erred in not giving an expanded identification instruction is unpreserved, since defendant did not request that instruction (*see People v Merritt*, 265 AD2d 733, 734 [1999], *lv denied* 94 NY2d 826 [1999]). In any event, County Court's instructions as a whole were sufficient in this case (*see People v Knight*, 87 NY2d 873, 874 [1995]; *People v Whalen*, 59 NY2d 273, 279 [1983]; *People v Barton*, 301 AD2d 747 [2003], *lv denied* 99 NY2d 625 [2003]).

Defendant's remaining contentions have been examined and are without merit.

Mercure, Crew III, Mugglin and Lahtinen, JJ.,concur. Ordered that the judgment is affirmed.