■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TULLY HYMAN, Appellant. [900 NYS2d 918]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated February 7, 2005 (*People v Hyman*, 15 AD3d 417 [2005]), affirming a judgment of the Supreme Court, Queens County, rendered May 15, 2002.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Prudenti, P.J., Mastro, Rivera and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE K. JACOB, Appellant. [900 NYS2d 909]—Appeal by the defendant from a judgment of the County Court, Nassau County (Peck, J.), rendered July 17, 2007, convicting him of attempted assault in the second degree and arson in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant correctly contends that the County Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) improperly allowed the prosecutor to elicit underlying facts of the defendant's prior conviction involving the same complainant and similar acts (*cf. People v Mack*, 6 AD3d 551 [2004]; *People v Ricks*, 135 AD2d 844 [1987]). However, the evidence of the defendant's guilt was overwhelming and there was no significant probability that the error contributed to defendant's conviction (*see People v Jackson*, 8 NY3d 869, 871 [2007]; *People v Crimmins*, 36 NY2d 230 [1975]).

The defendant's contention that the prosecutor's remarks during summation deprived him of a fair trial is unpreserved for appellate review since he failed to object to those specific remarks at trial (*see People v Anderson*, 24 AD3d 460 [2005]; *People v Williams*, 303 AD2d 772 [2003]; *People v Hughes*, 280 AD2d 694 [2001]). In any event, the prosecutor's remarks constituted fair comment on the evidence and fair response to defense counsel's summation (*see People v Garcia*, 66 AD3d 699 [2009]). Thus, the remarks did not deprive the defendant of a fair trial (*see People v Thornton*, 4 AD3d 561, 562 [2004]). Skelos, J.P., Covello, Hall and Sgroi, JJ., concur.