■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD N. QUINN, Appellant. [998 NYS2d 904]—

Appeal by the defendant from a judgment of the County Court, Orange County (De Rosa, J.), rendered May 9, 2012, convicting him of burglary in the third degree, petit larceny, and criminal possession of stolen property in the fifth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was improperly sentenced as a second felony offender is without merit. The People sustained their burden of proving, beyond a reasonable doubt, that the defendant previously was convicted of a felony upon which his adjudication as a second felony offender was based (*see* CPL 400.21 [7]; *People v Harris*, 61 NY2d 9, 16 [1983]; *People v Glover*, 69 AD3d 877, 878 [2010]; *People v Williams*, 38 AD3d 576, 577 [2007]; *People v Myron*, 28 AD3d 681, 684 [2006]). The defendant's conclusory allegations made at the sentencing proceeding, and his legal arguments made in support of his pro se motion asserting that his prior 2011 felony conviction was unconstitutionally obtained, were insufficient to

overcome the presumptions of the validity and regularity of the prior felony conviction (*see People v Myron*, 28 AD3d at 684; *People v Allen*, 4 AD3d 479, 480 [2004]).

Furthermore, the defendant did not receive ineffective assistance of counsel based upon counsel's failure to join in his pro se motion challenging the constitutionality of the prior felony conviction. Counsel cannot be held ineffective for failing to make a motion or argument that has little or no chance of success (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Stultz*, 2 NY3d 277, 287 [2004]; *People v Watts*, 91 AD3d 678, 679 [2012]; *People v Serrano*, 81 AD3d 753, 754 [2011]; *People v Sanabria*, 52 AD3d 743, 744-745 [2008]).

By pleading guilty, the defendant forfeited his right to appellate review of his contention that he should be released from custody because the People failed to comply with CPL 180.80 (*see People v Hansen*, 95 NY2d 227, 230 [2000]; *People v Taylor*, 65 NY2d 1, 5 [1985]; *People v Thomas*, 53 NY2d 338, 342-345 [1981]; *People v Fagan*, 53 AD3d 983, 984 [2008]; *People v Henderson*, 269 AD2d 404 [2000]). Dillon, J.P., Dickerson, Roman and Sgroi, JJ., concur.