The People of the State of New York, Respondent,
against
John B. White, Appellant.




Suffolk County Legal Aid Society (Edward E. Smith of counsel), for appellant.
Suffolk County District Attorney (Lauren Tan of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, First District (Richard T. Dunne, J.), rendered June 28, 2017. The judgment convicted defendant, upon his plea of guilty, of petit larceny, and imposed sentence, including a direction that defendant pay restitution in the sum of $7,200.




ORDERED that the judgment of conviction is modified, on the law and as a matter of discretion in the interest of justice, by vacating the provision thereof directing defendant to pay restitution in the sum of $7,200; as so modified, the judgment of conviction is affirmed, and the matter is remitted to the District Court for a hearing and a new determination as to the proper amount of restitution and the manner of its payment.
In satisfaction of multiple charges, defendant pleaded guilty, pursuant to a negotiated plea agreement, to petit larceny (Penal Law § 155.25). In the same proceeding, the District Court sentenced defendant to one year in jail and directed defendant to pay restitution in the sum of $7,200. On appeal, defendant contends that the restitution component of the sentence must be vacated, arguing, among other things, that the District Court should have conducted a hearing before imposing the restitution.
Although defendant's challenge to the restitution is unpreserved for our review due to his failure to object to the imposition of restitution, contest the amount thereof or request a hearing at [*2]the time of sentencing (see People v Callahan, 80 NY2d 273, 281 [1992]; People v Isaacs, 71 AD3d 1161, 1161 [2010]; People v Golgoski, 40 AD3d 1138, 1138 [2007]), we find it appropriate to review defendant's contention as a matter of discretion in the interest of justice (see People v Nesbitt, 144 AD3d 1329, 1330 [2016]; People v Lyman, 119 AD3d 968, 970 [2014]; People v Lewis, 89 AD3d 1485, 1486 [2011]). Penal Law § 60.27 (2) is clear as to when a hearing must be held in setting the amount of restitution: "Whenever the court requires restitution or reparation to be made, the court must make a finding as to the dollar amount of the fruits of the offense and the actual out-of-pocket loss to the victim caused by the offense. . . . If the record does not contain sufficient evidence to support such finding or upon request by the defendant, the court must conduct a hearing upon the issue in accordance with the procedure set forth in section 400.30 of the criminal procedure law." Here, there was no showing as to how the court determined the amount of restitution (see People v Myron, 28 AD3d 681, 684 [2006]; People v Melvin, 11 AD3d 639, 639 [2004]), and the record is devoid of any evidence to allow for an accurate determination the proper amount of restitution and the proper manner of payment (see Penal Law § 60.27 [2]; People v Lyman, 119 AD3d at 970; People v Ward, 103 AD3d 925, 926 [2013]; People v Lewis, 89 AD3d at 1486; People v Myron, 28 AD3d at 684; People v Melvin, 11 AD3d at 639). 
Accordingly, the judgment is modified by vacating the provision thereof directing defendant to pay restitution in the sum $7,200, and the matter is remitted to the District Court to conduct a hearing and make a new determination as to the proper amount of restitution and the manner of its payment, with "due consideration . . . given to whether . . . defendant has the ability to pay" (People v Myron, 28 AD3d at 684 [internal quotation marks and citation omitted]; see People v Ward, 103 AD3d at 926; People v Melvin, 11 AD3d at 639-640; cf. People v Lewis, 114 AD3d 1310, 1311 [2014]; People v Golgoski, 40 AD3d at 1138).
TOLBERT, J.P., BRANDS and RUDERMAN, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 29, 2018