■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME HANDY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heller, J.), rendered September 13, 1984, convicting him of attempted murder in the second degree, robbery in the first degree and assault in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Viewing the evidence in the light most favorable to the

prosecution, as we are required to do *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), and assuming that the jury credited the People's witnesses and afforded their testimony the full weight which might reasonably be accorded to it *(People v Benzinger,* 36 NY2d 29, 32), we find that the defendant's guilt was established beyond a reasonable doubt since " 'any rational trier of fact could have found the essential elements of the crime[s] beyond a reasonable doubt' " *(People v Contes,* 60 NY2d 620, 621, quoting from *Jackson v Virginia,* 443 US 307, 319, *reh denied* 444 US 890).

The trial court did not err in failing to charge assault in the first degree as a lesser included offense since no request for such a charge was ever made (CPL 300.50 [2]). In addition, the trial court did not abuse its discretion in ruling that should the defendant choose to testify, he could be asked whether he had previously been convicted of criminal possession of a weapon in the third degree as the court was justified in finding that the probative value of such evidence outweighed the potential prejudice to the defendant.

Our review of the sentencing minutes reveals that the defendant admitted his prior conviction and failed to challenge its constitutionality. Thus, he was correctly adjudged a second felony offender and sentenced accordingly. Furthermore, we find no basis in the record warranting a modification of the sentence. Mollen, P. J., Weinstein, Lawrence and Kunzeman, JJ., concur.