■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BURTON, Appellant.—Judgment, Supreme Court, New York County (James Leff, J.), rendered May 18, 1988, convicting defendant, after a jury trial, of burglary in the third degree (two counts), petit larceny, criminal possession of stolen property in the fifth degree and possession of burglar's tools and sentencing him, as a persistent felony offender, to concurrent indeterminate prison terms of from 15 years to life on the burglary counts and to unconditional discharges on the other three counts, unanimously affirmed.

Police officers who responded to a call of a burglary in progress at 1359 Broadway, Manhattan, arrived at the address and eventually found defendant in an alleyway adjacent to the reported address. Defendant was found in possession of, *inter alia*, a crowbar, screwdrivers and flashlights, as well as a bag containing clothing labeled "Daisey Sportswear" (a clothes manufacturer with offices in 1359 Broadway). In addition, defendant had in his possession a hammer with traces of red clay on it that matched the clay bricks of the adjacent building at 1369 Broadway. Proprietors of offices in the two buildings gave testimony to the effect that their premises had been ransacked. In addition to this overwhelming evidence, defendant voluntarily gave oral and written signed statements attesting to the fact that he and an accomplice, Eddie D., burglarized the two buildings.

The overwhelming evidence, when viewed in a light most favorable to the prosecution *(People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), was clearly sufficient to satisfy the elements of each of the crimes charged *(see, People v Bleakley,* 69 NY2d 490, 495).

The record also supports a finding that defendant, by his repeated refusals to accept the court's invitations to appear at the suppression hearing, trial and sentencing, unambiguously indicated his defiance of the processes of law and amounted to a forfeiture of his right to be present at the material stages of his trial *(see, People v Sanchez,* 65 NY2d 436, 444).

Defendant's claim that trial counsel failed to provide him meaningful representation cannot be resolved on this record. Defendant's remedy, if any, is a motion pursuant to CPL 440.10 *(see, People v Jones,* 55 NY2d 771).

Defendant's arguments regarding the admissibility of his incriminating statements are raised for the first time on

appeal and, therefore, are deemed waived (see, People v Tutt, 38 NY2d 1011, 1012-1013). We note the hearing court properly denied defendant's suppression motion on the original grounds raised, in light of the arresting officer's uncontroverted testimony and the submission into evidence of defendant's signed written statement acknowledging receipt of his Miranda warnings.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Asch, Kassal, Wallach and Smith, JJ.