■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE McCLAININ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bernstein, J.), rendered June 26, 1989, convicting him of criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Immediately prior to trial, after an unrecorded colloquy in chambers, the court read into the record its *Sandoval* ruling permitting the prosecutor "to cross-examine the defendant should he take the stand * * * as to a prior felony conviction for attempted possession of a weapon in the third degree". The defendant contends that this ruling was reversible error. We disagree.

While we do not approve of the trial court's failure to conduct the *Sandoval* proceeding on the record, the fact remains that unless the trial court improvidently exercised or

abused its discretion, or exercised none at all, a decision permitting cross-examination as to specific criminal, vicious, or immoral acts to impeach the credibility of a defendant will be upheld *(see, People v Smilovich,* 157 AD2d 809, 810; *cf., People v Williams,* 56 NY2d 236; *People v Duffy,* 36 NY2d 258, 262-263, *cert denied* 423 US 861; *People v Sandoval,* 34 NY2d 371, 374). Here, the defendant's prior conviction on a weapons charge showed that he had, in that instance, placed his own interests above those of society *(see, People v Handy,* 123 AD2d 398, 399). Therefore, the court could properly allow testimony as to the conviction as "relevant to suggest [the defendant's] readiness to do so again on the witness stand" *(People v Sandoval, supra,* at 377). Moreover, "it [is] * * * the defendant's burden to demonstrate that the prejudicial effect of admission so far outweigh[s] the probative worth of the evidence as to warrant its exclusion" *(People v Mackey,* 49 NY2d 274, 282). Here, the defendant's prior felony conviction was for a crime unrelated to the crime for which he was convicted in this case. Consequently, it was improbable that the jury would consider that conviction as "evidence of the defendant's predisposition to commit the crime charged" *(People v Bennette,* 56 NY2d 142, 147). Furthermore, contrary to the defendant's assertions, the circumstantial case against him was compelling. Therefore, it is unlikely that, even had the defendant taken the stand, the jury's verdict would have been different.

Our review of the sentencing minutes reveals that the defendant admitted his prior conviction and failed to challenge its constitutionality. Thus, he was correctly adjudged a second felony offender and sentenced accordingly. Furthermore we find no basis in the record warranting a modification of the sentence *(see, People v Handy, supra,* at 399). Harwood, J. P., Balletta, Rosenblatt and Copertino, JJ., concur.