■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERIBERTO GONZALEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Slavin, J.), rendered April 25, 1990, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested in a "buy and bust" operation after selling heroin to an undercover police officer. On appeal, the defendant asserts, *inter alia,* that the trial court impermissibly interjected itself into the proceedings and that he was denied the effective assistance of counsel.

The defendant's contention that the trial court impermissibly intervened was not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Charleston,* 56 NY2d 886). In any event, the court's comments do not warrant a reversal of the conviction in view of the overwhelming evidence of guilt *(see, People v Yut Wai Tom,* 53 NY2d 44).

Further, contrary to the defendant's *pro se* claim that his trial counsel was ineffective, the defendant was afforded meaningful representation *(see, People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137; *People v Brown,* 175 AD2d 210).

In addition, although the court should not have admitted into evidence the statement the defendant made to the Criminal Justice Agency, this error was harmless in light of the overwhelming evidence of guilt *(see, People v Crimmins,* 36 NY2d 230, 241-242).

Finally, we have reviewed the sentence and find that it is not excessive *(see, People v Suitte,* 90 AD2d 80). Harwood, J. P., Balletta, Lawrence and Santucci, JJ., concur.