■ The People of the State of New York, Respondent, v Ricardo Tuero, Also Known as Jose Sierra, Also Known as Jose Reynoso, Appellant. [598 NYS2d 473] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered September 13, 1991, convicting defendant, after a jury trial, of

criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, and order, same court (Rose Rubin, J.), entered October 8, 1991, finding defendant in violation of probation imposed on a previous conviction of criminal sale of a controlled substance in the fourth degree, and resentencing him to a term of 1 to 3 years to run consecutively to the above sentence, unanimously affirmed.

Defendant's guilt in this buy-and-bust case was proved by overwhelming evidence, and the verdict was not against the weight of the evidence. Defendant failed to demonstrate that the delay in turning over *Rosario* material was deliberate or that he was substantially prejudiced thereby *(see, People v Martinez,* 71 NY2d 937, 940), not least because his attorney could have availed herself of materials at an opportune time *(see, People v Witherspoon,* 156 AD2d 306, 308-309, *affd* 77 NY2d 95, *cert denied sub nom. Carter v New York,* 499 US 967). No reasonable view of the evidence supports defendant's contention that criminal possession in the seventh degree should have been submitted as a lesser included offense of criminal possession in the third degree (CPL 300.50 [1]; *People v Glover,* 57 NY2d 61) and the court's failure to submit, *sua sponte,* unrequested lesser included offenses does not constitute error (CPL 300.50 [2]; *People v Handy,* 123 AD2d 398). By both his conduct and statements, defendant manifested unambiguous defiance of the processes of law, and thereby forfeited his right to remain present through the conclusion of sentencing proceedings *(People v Burton,* 168 AD2d 347, *lv denied* 77 NY2d 876). Defendant's remaining contentions are without merit. Concur—Carro, J. P., Ellerin, Wallach, Ross and Rubin, JJ.