■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY WHITE, Appellant. [625 NYS2d 6] —Judgment, Supreme Court, New York County (Patricia Anne Williams, J.), rendered June 30, 1992, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The record fails to support defendant's contention that the conduct of the court deprived him of a fair trial. Most of the comments complained of were made in the absence of the jury. Moreover, the court's instructions and admonitions to the admittedly inexperienced defense counsel were necessary to facilitate the orderly and expeditious progress of the trial (*People v Yut Wai Tom,* 53 NY2d 44, 56-57; *People v Rivera,* 201 AD2d 385, *lv denied* 83 NY2d 914) and to prevent improper trial tactics (*People v Cummings,* 162 AD2d 142, 144, *lv denied* 76 NY2d 985).

Although the prosecutor, as well as the court, misspoke in discussing impeachment evidence concerning defendant, the misstatements in no way impinged upon the propriety of the impeaching evidence. Therefore, the cross-examination of the defendant, the prosecutor's summation and the court's charge with respect to such impeachment evidence do not warrant reversal (see, *People v Bornholdt,* 33 NY2d 75, 88, *cert denied sub nom. Victory v New York,* 416 US 905; *People v Epps,* 190

AD2d 630, *lv denied* 81 NY2d 1013). Since defense counsel did not object to the charge with respect to this evidence or with respect to the failure to charge that the police officers' testimony was not to be accorded greater weight than that of other witnesses, the current challenges are unpreserved for this Court's review (CPL 470.05 [2]). Although an instruction on the weight to be accorded a police officer's testimony should ordinarily be provided, reversal is not warranted given the overwhelming proof of defendant's guilt *(see, People v Mendoza,* 166 AD2d 377, 378, *lv denied* 77 NY2d 880; *People v Peters,* 157 AD2d 806, 808, *lv denied* 76 NY2d 740). Concur— Ellerin, J. P., Wallach, Kupferman, Asch and Mazzarelli, JJ.