■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HILTON APONTE, Appellant. [654 NYS2d 668] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered March 6, 1995, convicting him of reckless endangerment in the first degree and arson in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has not preserved for appellate review his contention that the court's examination of witnesses during the trial denied him a fair trial (see, CPL 470.05 [2]; People v Charleston, 56 NY2d 886; People v Gonzalez, 183 AD2d 783). In any event, this assertion lacks merit inasmuch as the court participated evenhandedly in the proceedings in order to clarify issues and facilitate the expeditious and orderly progress of the trial (see, People v Jamison, 47 NY2d 882; People v Moulton, 43 NY2d 944; People v De Jesus, 42 NY2d 519; People v Coby, 213 AD2d 662; People v Vargas, 150 AD2d 513; see also, People v Gonzalez, 228 AD2d 340; People v Jordan, 138 AD2d 407).

The sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80). Miller, J. P., Sullivan, Florio and Luciano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE W. BOWEN, Appellant. [654 NYS2d 667] —Appeal by the defendant from a judgment of the County Court, Orange County (Byrne, J.), rendered February 1, 1996, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Rosenblatt, J. P., Copertino, Pizzuto, Krausman and Florio, JJ., concur.