■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER TURNER, Appellant. [657 NYS2d 756] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.,) rendered December 5, 1994, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested pursuant to a so-called "buy and bust" operation. A team of officers, some working undercover, went to a location known for drug-related activity to buy heroin. When the defendant's unapprehended accomplice attempted to sell to an officer what appeared to be crack cocaine, the officer refused and stated that he wanted heroin. At that point, at the accomplice's direction, the defendant sold the officer one glassine envelope of heroin. A search of the defendant at the time of his arrest revealed that he had the undercover officer's prerecorded money on his person.

The court's *Sandoval* ruling allowing the prosecution to cross-examine the defendant regarding a previous gun possession conviction which occurred 15 years ago did not constitute error. Temporal remoteness of a conviction, standing alone,

does not preclude its use on cross-examination to impeach the defendant's credibility *(see, e.g., People v Trichilo,* 230 AD2d 926; *People v Moise,* 199 AD2d 423; *People v Ortiz,* 156 AD2d 197).* The prior offense was probative of the defendant's willingness to place his interests above those of society *(see, People v McClainin,* 178 AD2d 495; *People v Handy,* 123 AD2d 398).

Additionally, the defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Miller, J. P., Altman, Goldstein and Florio, JJ., concur.