■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD COTTO, Appellant. [658 NYS2d 278] —Judgment, Supreme Court, New York County (Marcy Kahn, J.), rendered April 16, 1996, convicting defendant, after a jury trial, of murder in the second degree, criminal use of a firearm in the first degree and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of 25 years to life, 10 to 20 years and $2^1/_3$ to 7 years, respectively, unanimously affirmed.

The court properly admitted into evidence the unsworn but highly reliable out-of-court statements of a prosecution witness (*see,* 169 Misc 2d 194), since misconduct by defendant in intimidating the witness was established by clear and convincing evidence (*People v Geraci,* 85 NY2d 359), including evidence that the witness was threatened by unknown persons almost immediately after his identity was disclosed to the defense. The court's ruling barring cross-examination of the witness was appropriate under the circumstances presented since the witness's testimony was at complete variance with his prior statement to the People (*see, People v Geraci, supra,* at 367). In any event, we find the issue unpreserved.

The statements made by the victim in the ambulance within 30 minutes after he was shot were properly admitted into evidence under the excited utterance exception to the hearsay rule (*People v Brown,* 70 NY2d 513). Although the excited utterances were not received as dying declarations, the People properly commented in summation on the victim's awareness of the life-threatening gravity of his wounds.

Defendant failed to preserve his challenges to the conduct of the court (*People v Charleston,* 56 NY2d 886), and we decline to review them in the interest of justice. Were we to review them, we would find them to be without merit. The unusual circumstances presented, which resulted from defendant's proven misconduct, warranted a departure from normal procedures and the intervention of the trial court, none of which deprived defendant of a fair trial (*see, People v Yut Wai Tom,* 53 NY2d

44), particularly since the jury was absent during virtually all of the challenged conduct by the court (*People v White*, 213 AD2d 347, *lv denied* 85 NY2d 981; *People v Gilbert*, 103 AD2d 967, 968).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Wallach, J. P., Rubin, Williams and Andrias, JJ. *[See,* 169 Misc 2d 194.]