■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS ORSINI, Appellant. [666 NYS2d 957] —Appeal by the defendant from an amended judgment of the County Court, Nassau County (Ain, J.), rendered December 24, 1996, revoking a sentence of probation previously imposed by the same court upon a finding that the defendant had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal sale of a controlled substance in the third degree.

Ordered that the amended judgment is affirmed.

The defendant was charged with four separate specifications with respect to his violation of probation: (1) failure to report as directed, (2) failure to notify of a change in address, (3) failure to abstain from unlawful use of a controlled substance, and (4) failure to work faithfully at suitable employment. At the conclusion of the hearing (*see*, CPL 410.70), the court sustained the first two specifications.

On appeal, the defendant argues that the court intervened in the parole violation hearing to an unwarranted extent. We agree with the People that this argument was not properly preserved for appellate review (*see, People v Charleston*, 56 NY2d 886; *People v Barren*, 240 AD2d 586; *People v Gonzalez*, 183 AD2d 783), and we decline to review it in the exercise of our interest of justice jurisdiction (*see generally, People v Yut Wai Tom*, 53 NY2d 44; *People v De Jesus*, 42 NY2d 519; *People v Cotto*, 240 AD2d 193).

The defendant's remaining contentions are without merit. Bracken, J. P., Copertino, Thompson and Luciano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v XAVIER PAGAN, Appellant. [666 NYS2d 960] —Appeal by the defendant from a judgment of the County Court, Westchester County (Murphy, J.), rendered June 10, 1993, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California*, 386 US 738; *People v Paige*, 54 AD2d 631; *cf., People v Gonzalez*, 47 NY2d 606). Miller, J. P., Ritter, Sullivan, Santucci and McGinity, JJ., concur.