■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX SIME, Appellant. [687 NYS2d 78] —Judgment, Supreme Court, New York County (Michael Obus, J.), rendered July 9, 1993, convicting defendant, after a jury trial, of two counts of murder in the second degree and one count each of attempted robbery in the first degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 25 years to life, 25 years to life, 5 to 15 years, and 5 to 15 years, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. Defendant's contention that he was denied his right to counsel at his investigatory, non-court-ordered lineup (*compare, People v Thomas*, 76 NY2d 902) is unavailing since the attorney assigned to represent him on an unrelated case was given ample advance notice of the lineup, and a reasonable opportunity to attend, but declined to attend or to arrange for a substitute attorney (*People v Hildago*, 240 AD2d 170, 171, *lv denied* 90 NY2d 1012; *People v Jones*, 223 AD2d 375, *lv denied* 88 NY2d 849). Since the limited right to counsel at such a lineup only addresses the exclusion of existing counsel and does not require appointment of counsel at a defendant's request (*People v*

*Wilson*, 89 NY2d 754, 758), we reject defendant's argument that he was entitled to the appointment of new counsel had his existing assigned counsel been unwilling or ineligible to represent him on his new arrest.

Uncharged crime evidence jointly involving defendant and a People's witness was properly admitted to explain the nature of their relationship so as to account for defendant's sharing of highly incriminating information with the witness (*see, People v Dauphinee*, 240 AD2d 222, *lv denied* 90 NY2d 892; *People v Bernard*, 224 AD2d 192, 193, *lv denied* 88 NY2d 964). The court's *Sandoval* ruling permitting elicitation of the same uncharged crime was a proper exercise of discretion.

The court properly exercised its discretion in precluding defendant from introducing evidence of false pedigree information given by a deceased People's witness whose Grand Jury testimony was received at trial upon a finding that defendant was responsible for the witness's murder, since defendant, by his murderous conduct, concomitantly deprived the People of an opportunity to rehabilitate the witness (*see, People v Cotto*, 240 AD2d 193, *affd* 92 NY2d 68; *People v Geraci*, 85 NY2d 359, 366).

We have reviewed and rejected defendant's remaining arguments. Concur—Milonas, J. P., Williams, Andrias and Saxe, JJ.