■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELMER TORO, Appellant. [751 NYS2d 468] —Judgment, Supreme

Court, Bronx County (Nicholas Iacovetta, J., at summary denial of *Dunaway* hearing; Michael Gross, J., at *Wade* hearing; Edward Davidowitz, J., at plea and sentence), rendered January 8, 2001, as amended March 12, 2001, convicting defendant of robbery in the first degree (two counts) and attempted robbery in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 13 years, 13 years and seven years, respectively, with five years of post-release supervision, unanimously affirmed.

Defendant's motion to suppress identification testimony was properly denied. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761). Defendant was not deprived of his limited right to counsel at an investigatory lineup (*see People v Wilson*, 89 NY2d 754). Even assuming that counsel had actually entered the case, the record establishes that the attorney who had been assigned to represent defendant on an unrelated matter was notified by the police that there would be a lineup, but declined to attend (*see People v Sime*, 254 AD2d 183, *lv denied* 92 NY2d 1038). The evidence supports the hearing court's findings, inter alia, that while the attorney instructed the police not to question defendant, she did not request to attend the lineup and did not give the police her phone number or any other means of contacting her.

Defendant's requests for a *Dunaway* hearing were properly denied since defendant's papers did not raise an issue of fact as to probable cause for his arrest (*see People v Mendoza*, 82 NY2d 415). Defendant's assertions of innocent conduct at the time of his arrest did not controvert the specific information that was provided by the People concerning the basis for that arrest, namely, a photographic identification of defendant as the perpetrator of a past robbery, and did not assert any other basis for suppression (*see People v Jones*, 95 NY2d 721; *People v Soto*, 284 AD2d 158, *lv denied* 96 NY2d 924). In any event, there is no indication that there was any viable Fourth Amendment issue (*see People v Lebron*, 238 AD2d 150, *lv denied* 90 NY2d 895, *cert denied* 522 US 1032). Concur—Williams, P.J., Nardelli, Mazzarelli, Buckley and Gonzalez, JJ.