■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFONSO SPRINGER, Appellant. [787 NYS2d 386]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered March 7, 2003, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree, and criminally using drug paraphernalia in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the Supreme Court's *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371 [1974]) is without merit. The nature and extent of cross-examination have always been subject to the sound discretion of the trial judge (*People v Sandoval, supra* at 374). Here, the court struck an appropriate balance between the probative value of the defendant's prior crimes on the issue of his credibility and the possible prejudice to the defendant (*see People v Williams,* 56 NY2d 236, 238-239 [1982]; *People v Rahman,* 46 NY2d 882, 883 [1979]). The defendant failed to meet his burden of demonstrating that the prejudicial effect of the evidence of his prior convictions so outweighed the probative worth of that evidence that its exclusion was warranted (*see People v Sandoval, supra* at 378; *People v Simmons,* 213 AD2d 433 [1995]).

The mere fact that some of the prior convictions were similar in nature to the instant offenses did not warrant their preclusion (*see People v Mack,* 6 AD3d 551 [2004]). The fact that the defendant chose to specialize in one type of criminal activity did not shield him from impeachment by use of prior convictions (*see People v Mattiace,* 77 NY2d 269, 274-275 [1990]; *People v Sokolov,* 245 AD2d 317, 318 [1997]). The prior offenses were probative of the defendant's willingness to place his interests above those of society (*see People v Duffy,* 36 NY2d 258, 262 [1975], *cert denied* 423 US 861 [1975]; *People v Turner,* 239 AD2d 447, 448 [1997]), and by precluding the prosecutor from eliciting the underlying facts of the defendant's convictions, the Supreme Court avoided any undue prejudice to the defendant (*see People v Mack, supra* at 551; *People v Ricks,* 135 AD2d 844, 845 [1987]). Finally, the fact that one of the defendant's convictions was more than 16 years old did not, in and of itself, require preclusion of that conviction for impeachment purposes (*see People v Turner, supra* at 447-448; *People v Ricks, supra* at 844-845). Santucci, J.P., Luciano, Schmidt and Rivera, JJ., concur.