■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN STEWARTSON, Appellant. [808 NYS2d 725]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Harkavy, J.), rendered April 10, 2000, convicting him of robbery in the first degree (two counts), upon

a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Starkey, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's argument that the lineup was unduly suggestive. An examination of the lineup photograph leads us to agree with the hearing court's determination that the photograph does not reveal any significant differences in the appearances of the individuals that would cause the defendant to stand out from the others (*see People v Lundquist*, 151 AD2d 505, 506 [1989]).

Contrary to the defendant's contention, the Supreme Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371, 374-375 [1974]) was a provident exercise of its discretion. The Supreme Court struck an appropriate balance between the probative value of allowing inquiry about certain of the defendant's prior convictions and "bad acts," and his use of aliases, against the potential prejudice to the defendant (*People v Sobers*, 272 AD2d 418 [2000]; *see People v Springer*, 13 AD3d 657, 658 [2004]; *People v Taylor*, 253 AD2d 471 [1998]; *People v Turner*, 239 AD2d 447 [1997]).

Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Further, the defendant's contentions of prosecutorial misconduct during summation are either unpreserved for appellate review (*see* CPL 470.05 [2]), without merit, or constituted harmless error in light of the overwhelming evidence of the defendant's guilt (*see People v Crimmins*, 36 NY2d 230 [1975]).

The defendant's contention that the Supreme Court improperly imposed consecutive sentences for his two convictions of robbery in the first degree is without merit, as the subject robberies were predicated upon distinct acts committed against separate victims (*see People v Truesdell*, 70 NY2d 809 [1987]; *People v Dieppa*, 285 AD2d 558 [2001]; *People v Rosa*, 249 AD2d 334 [1998]).

The defendant's remaining contentions are either unpreserved

for appellate review or without merit. Schmidt, J.P., Mastro, Spolzino and Covello, JJ., concur.