■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE ROBERT McCLAIN, Appellant. [876 NYS2d 495]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered May 10, 2006, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the trial, the Supreme Court admitted into evidence three out-of-court statements made by the deceased victim prior to her death. Contrary to the defendant's contention, the statements were properly admitted into evidence. Although evidence of a defendant's past uncharged criminal conduct is not admissible to show a predisposition toward criminal conduct (*see People v Molineux*, 168 NY 264, 291-293 [1901]), such evidence may be admitted where "it helps to establish some element of the crime under consideration or is relevant because of some recognized exception to the general rule" (*People v Alvino*, 71 NY2d 233, 242 [1987]). Here, the decedent's statements were relevant to establish the defendant's motive and his relationship with the decedent. Moreover, the probative value of the evidence outweighed any prejudice to the defendant (*see People v Williams*, 27 AD3d 673 [2006]; *People v Linton*, 166 AD2d 670, 671 [1990]; *People v Griffin*, 126 AD2d 743 [1987]).

The contention that the defendant raises on appeal regarding the trial court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) was not raised before the trial court, and is thus unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Melvin*, 223 AD2d 604 [1996]). In any event, the Supreme Court providently exercised its discretion in ruling that the prosecutor could impeach the defendant's credibility with evidence of two prior felony convictions (*see People v Reid*, 29 AD3d 712, 712-713 [2006]; *People v Springer*, 13 AD3d 657 [2004]). The fact that one of the defendant's judgments of conviction was rendered 14 years before the trial in the instant matter did not, in and of itself, require preclusion of that judgment of conviction for impeachment purposes (*see People v Springer*, 13 AD3d at 658; *People v Turner*, 239 AD2d 447 [1997]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Rivera, J.P., Angiolillo, Dickerson and Chambers, JJ., concur. [*See* 12 Misc 3d 1185(A), 2006 NY Slip Op 51448(U).]