■ The People of the State of New York, Respondent, v Allan Townsend, Appellant. [897 NYS2d 448]—

Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Hollie, J.), rendered September 25, 2007, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence, and (2) a resentence of the same court imposed October 9, 2007.

Ordered that the judgment and the resentence are affirmed.

Contrary to the defendant's contention, the trial court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) struck an appropriate balance between the probative value of the defendant's prior crimes and the possible prejudice to the defendant (*see People v Springer*, 13 AD3d 657, 658 [2004]). The fact that several of the defendant's convictions were approximately 20 years old does not, in and of itself, require the preclusion of those convictions for purposes of impeachment (*see People v Springer*, 13 AD3d at 658). Similarly, inquiry into the defendant's drug-related offenses need not be precluded on the basis of his alleged drug addiction (*see People v Hall*, 99 AD2d 843 [1984]). The court precluded inquiry into the underlying facts of those prior offenses which involved the use of a weapon, and therefore were most prejudicial to the defendant. The defendant's previous convictions were probative in evaluating his credibility, and thus the court's *Sandoval* ruling was proper (*see People v Hines*, 3 AD3d 580 [2004]; *People v Williams*, 292 AD2d 474, 475 [2002]; *People v Clarke*, 265 AD2d 566 [1999]).

The defendant's contention that he was deprived of a fair

trial by the Supreme Court's examination of witnesses and other conduct during trial is unpreserved for appellate review (*see People v DeNormand*, 1 AD3d 1047, 1048 [2003]; *People v Manigault*, 297 AD2d 754 [2002]; *People v Orsini*, 246 AD2d 674 [1998]; *People v Gonzalez*, 183 AD2d 783 [1992]) and, in any event, is without merit (*see People v DeNormand*, 1 AD3d at 1048; *People v Todd*, 306 AD2d 504 [2003]; *People v Collado*, 277 AD2d 393 [2000]; *People v Hartzog*, 263 AD2d 492 [1999]). Santucci, J.P., Dickerson, Chambers and Sgroi, JJ., concur.