◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN AGUAYO, Appellant. [924 NYS2d 817]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mangano, Jr., J.), rendered May 29, 2009, convicting him of attempted burglary in the second degree,

criminal mischief in the third degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In ruling that, at trial, the prosecution would be permitted "limited" cross-examination of the defendant regarding two of his prior burglary convictions, the Supreme Court in this instance struck an appropriate balance "between the probative worth of evidence of prior specific criminal, vicious or immoral acts on the issue of the defendant's credibility on the one hand, and on the other the risk of unfair prejudice to the defendant" (*People v Sandoval*, 34 NY2d 371, 375 [1974]; *see People v Springer*, 13 AD3d 657 [2004]; *People v Alford*, 178 AD2d 418 [1991]). A defendant is not insulated from impeachment by use of past convictions merely because those crimes are similar to the crimes charged (*see People v Pavao*, 59 NY2d 282, 292 [1983]; *People v Springer*, 13 AD3d at 657).

The defendant's contention that his adjudication as a persistent felony offender was unconstitutional pursuant to *Apprendi v New Jersey* (530 US 466 [2000]) is without merit (*see People v Quinones*, 12 NY3d 116 [2009], *cert denied* 558 US —, 130 S Ct 104 [2009]; *People v Rivera*, 5 NY3d 61 [2005], *cert denied* 546 US 984 [2005]; *People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]). Covello, J.P., Leventhal, Lott and Miller, JJ., concur.