THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN WATTS, Appellant. [932 NYS2d 728]–

In fashioning its *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]), the Supreme Court "struck an appropriate balance between the probative value of the defendant's prior crimes and the possible prejudice to the defendant" (*People v Townsend*, 70 AD3d 982, 982 [2010]; *see People v Sandoval*, 34 NY2d 371 [1974]). A defendant is not insulated from impeachment by use of past convictions merely because those crimes are similar to the crime charged (*see People v Pavao*, 59 NY2d 282, 292 [1983]; *People v Aguayo*, 85 AD3d 809, 810 [2011], *lv denied* 17 NY3d 812 [2011]; *People v Springer*, 13 AD3d 657, 658 [2004]).

The defendant's contention that his adjudication as a persistent felony offender was unconstitutional pursuant to *Apprendi v New Jersey* (530 US 466 [2000]) is without merit (*see People v Quinones*, 12 NY3d 116 [2009], *cert denied* 558 US —, 130 S Ct 104 [2009]; *People v Rivera*, 5 NY3d 61 [2005], *cert denied* 546

US 984 [2005]; *People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]). Furthermore, the Supreme Court's determination to sentence the defendant as a persistent felony offender was a provident exercise of its discretion (*see* Penal Law § 70.10; *People v Ortiz*, 41 AD3d 276 [2007], *cert denied* 552 US 1030 [2007]; *People v Bailey*, 19 AD3d 302, 303 [2005], *cert denied* 547 US 1045 [2006]). Rivera, J.P., Dickerson, Eng and Roman, JJ., concur.