Appeal by the defendant from a resentence of the Supreme Court, Kings County (Starkey, J.), imposed on September 4, 2008, upon his conviction of robbery in the third degree (two counts), upon a jury verdict, after remittitur from this Court for resentencing (see People u Bazemore, 52 AD3d 727 [2008]), the resentence being concurrent indeterminate terms of imprisonment of 17 years to life.
Ordered that the resentence is modified, as a matter of discretion in the interest of justice, by reducing the resentence imposed for the convictions of robbery in the third degree under both counts from concurrent indeterminate terms of imprisonment of 17 years to life to concurrent indeterminate terms of imprisonment of 15 years to life.
The Supreme Court providently exercised its discretion in resentencing the defendant as a persistent felony offender (see Penal Law § 70.10 [2]; People v Maxwell, 22 AD3d 607 [2005]; People v Perry, 19 AD3d 619 [2005]; People v Thomas, 255 AD2d 468 [1998]). The Supreme Court’s conclusion that the nature of the defendant’s criminal conduct, his history, and his character warranted extended incarceration and life time supervision is supported by the record (see People v Maxwell, 22 AD3d at 607; People v Perry, 19 AD3d at 619; People v Thomas, 255 AD2d at 469). Nevertheless, under the circumstances of this case, the resentence imposed was excessive to the extent indicated (see People v Suitte, 90 AD2d 80 [1982]).
The defendant’s contention that his adjudication as a persistent felony offender was unconstitutional pursuant to Apprendi v New Jersey (530 US 466 [2000]) is without merit (see People v *916 Battles, 16 NY3d 54, 59 [2010], cert denied 565 US —, 132 S Ct 123 [2011]; People v Quinones, 12 NY3d 116 [2009], cert denied 558 US —, 130 S Ct 104 [2009]; People v Rivera, 5 NY3d 61 [2005] , cert denied 546 US 984 [2005]; People v Rosen, 96 NY2d 329 [2001], cert denied 534 US 899 [2001]; People v Watts, 89 AD3d 965, 966 [2011], lv denied 18 NY3d 887 [2012]; People v Aguayo, 85 AD3d 809, 810 [2011]). Eng, EJ., Balkin, Hall and Sgroi, JJ., concur.