Appeal by the de *754 fendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered December 20, 2011, convicting him of robbery in the second degree (two counts) and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s challenge to the legal sufficiency of the evidence supporting his convictions is unpreserved for appellate review (see People v Hawkins, 11 NY3d 484, 492 [2008]; CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt.
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see People v Danielson, 9 NY3d 342, 348, [2007]), we nevertheless accord great deference to the factfinder’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s contentions regarding the Supreme Court’s Sandoval ruling (see People v Sandoval, 34 NY2d 371 [1974]) are unpreserved for appellate review (see People v McClain, 61 AD3d 703, 704 [2009]; People v Reid, 29 AD3d 712 [2006]) and, in any event, without merit.
Contrary to the defendant’s contention, defense counsel provided meaningful representation (see People v Rivera, 71 NY2d 705, 708-709 [1988]; People v Baldi, 54 NY2d 137, 146-147 [1981]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
Eng, RJ., Miller, Hinds-Radix and Maltese, JJ., concur.