■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL CEARA, Appellant. [21 NYS3d 283]—Appeal by the defendant from a judgment of the County Court, Westchester County (Cacace, J.), rendered August 3, 2010, convicting him of criminal sexual act in the first degree, criminal sexual act in the second degree, criminal trespass in the second degree, criminal mischief in the fourth degree, endangering the welfare of a child (six counts), and harassment in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions that the evidence was legally insufficient to support his convictions of criminal sexual act in the first degree and endangering the welfare of a child (six counts) are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of those crimes beyond a reasonable doubt. The defendant's contention that the evidence was legally insufficient to support his conviction of criminal trespass in the second degree is without merit (*see* Penal Law § 140.15 [1]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on the counts noted above was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The County Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) constituted a proper exercise of its discretion, and did not deprive the defendant of the right to testify

on his own behalf (*see People v Biear*, 119 AD3d 599, 600 [2014]; *People v Townsend*, 70 AD3d 982, 982 [2010]).

The defendant's contention that he was deprived of his constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim" of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel. Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012]; *People v Maxwell*, 89 AD3d at 1109).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Moreover, the defendant's contention that the County Court improperly relied on certain information in the presentence report is without merit.

The defendant's contention, raised in his pro se supplemental brief, that he was deprived of a fair trial because the County Court was biased against him is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in event, without merit. Hall, J.P., Roman, Sgroi and Hinds-Radix, JJ., concur.