The People of the State of New York, Respondent, 
against
Jordan Isler, Appellant. 

Jordan Isler, appellant pro se.
Nassau County Attorney's Office (Robert F. Van Der Waag of counsel), for respondent.

Appeal from five judgments of conviction of the District Court of Nassau County, Nassau County Traffic and Parking Violations Agency (Adam H. Moser, J.H.O.), rendered April 10, 2019. The judgments, after a nonjury trial, convicted defendant of speeding, making an unsafe lane change and three charges of failing to signal, respectively, and imposed sentences.
ORDERED that the judgments convicting defendant of making an unsafe lane change and three charges of failing to signal are affirmed; and it is further,
ORDERED that the judgment convicting defendant of speeding is modified, on the law and facts, by vacating the sentence imposed; as so modified, the judgment of conviction is affirmed and the matter is remitted to the District Court of Nassau County, Nassau County Traffic and Parking Violations Agency, for resentencing in accordance with this decision and order.
Defendant was charged in separate simplified traffic informations with speeding (Vehicle and Traffic Law § 1180 [b]), making an unsafe lane change (Vehicle and Traffic Law § 1128 [a]) and three charges of failing to signal (Vehicle and Traffic Law § 1163 [a]), respectively. Immediately prior to trial, defendant declined to accept a plea bargain offered by the People which would have prevented defendant's license from being revoked.
At a nonjury trial, a Nassau County police officer testified that he had been trained and certified in pacing and visually estimating the rate of speed of moving vehicles, and that he had paced the speed of defendant's vehicle at 85 miles per hour (mph) in a 55 mph zone based on a reading of his speedometer. He stated that the speedometer of his police vehicle had been calibrated. The officer further testified that he had observed defendant's vehicle change lanes [*2]without signaling on three separate instances, and, on one of those occasions, defendant had cut off another vehicle by coming within one foot of that other vehicle. Defendant testified that he had set the cruise control on his vehicle at 65 mph, and that he had been traveling at that rate of speed. Following the trial, defendant was convicted of speeding, upon a finding that he had operated his vehicle at 85 mph in a 55 mph zone, of making an unsafe lane change and of the three charges of failing to signal. The District Court sentenced defendant to a fine of $250 for speeding at 30 mph in excess of the speed limit (see Vehicle and Traffic Law § 1180 [h] [1] [ii]) and imposed additional fines on the other judgments of conviction.
On appeal, defendant contends that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt; that the verdicts were against the weight of the evidence; and that he was denied a fair trial due to the District Court's bias against him when he declined to accept the plea bargain.
Defendant's contention regarding the legal sufficiency of the evidence is unpreserved for appellate review, since he failed to raise the issue at trial (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]; People v Hines, 97 NY2d 56, 61 [2001]; People v Gray, 86 NY2d 10 [1995]).
Upon the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to the factfinder's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), we are of the opinion that the verdicts finding defendant guilty of making an unsafe lane change and of the three charges of failing to signal were not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). 
With respect to the guilty verdict of speeding, we note at the outset that the testimony of a police officer qualified to visually estimate the speed of moving vehicles is, standing alone, sufficient to support a speeding conviction where the variance between the officer's visual observation of the speed of a defendant's vehicle and the posted speed limit is "sufficiently wide, so that [the factfinder] may be certain beyond a reasonable doubt that the defendant exceeded the permissible limit" (People v Olsen, 22 NY2d 230, 232 [1968]; see People v Krasniqi, 58 Misc 3d 158[A], 2018 NY Slip Op 50245[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). However, even though the officer here testified that he was trained in the visual estimation of moving vehicles, he never testified that his calculation of the speed of defendant's vehicle was based on his visual estimation. While "speedometer readings are generally admissible and may be sufficient in themselves if there be reasonable proof of their accuracy" (People v Dusing, 5 NY2d 126, 128 [1959]), "[e]vidence of the reading of an untested speedometer without more [is] insufficient to sustain a conviction for speeding" (People v Heyser, 2 NY2d 390, 393 [1957]; see People v Berger, 31 Misc 3d 145[A], 2011 NY Slip Op 50937[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]). Here, the officer conclusorily stated that his police car's speedometer had been calibrated, but he did not provide any calibration records for the speedometer. Thus, the speedometer evidence that defendant had been traveling at a speed of 85 mph, without additional proof of calibration or the officer's visual estimate, was insufficient to establish that defendant had been traveling at 85 mph. However, based on defendant's own testimony, we conclude that defendant was traveling at 65 mph in a 55 mph zone, and thus sustain the finding that defendant [*3]had been speeding, albeit at 65 mph, rather than the 85 mph the court had found.
Under the circumstances, defendant's sentence must be vacated and the matter remitted for resentencing pursuant to Vehicle and Traffic Law § 1180 (h) (1) (i), since the sentence the court imposed was based on a finding that defendant had been traveling at 30 mph over the speed limit (cf. Vehicle and Traffic Law § 1180 [h] [1] [ii]), rather than 10 mph over the posted speed limit.
Defendant's remaining contention—that he was deprived of a fair trial due to court bias—is unpreserved for appellate review since he failed to raise any objection thereto at trial (see CPL 470.05 [2]; People v Ceara, 133 AD3d 873, 874 [2015]). In any event, defendant's contention lacks merit, as the record does not evince that the court was biased against defendant.
Accordingly, the judgments convicting defendant of making an unsafe lane change and the three charges of failing to signal are affirmed. The judgment convicting defendant of speeding is modified by vacating the sentence imposed, and the matter is remitted to the District Court, Nassau County Traffic and Violations Agency, for resentencing.
ADAMS, P.J., TOLBERT and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 18, 2020