■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS KING, Appellant. [748 NYS2d 665] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (George, J.), rendered December 18, 1998, convicting him of attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court properly determined that the prosecution's delay in providing *Rosario* material (*see People v Rosario,* 9 NY2d 286) was not so late as to effectively amount to a complete failure to disclose. The *Rosario* material in question, a 911 audiotape, was turned over to the defense counsel after the trial began, but before the testimony of the witness who called 911 to report the shooting.

As there was only a delay in providing the 911 audiotape, the issue is whether the defense was "substantially prejudiced" by the delay as to trigger the defendant's right to a new trial (*see People v Ranghelle,* 69 NY2d 56, 63). It is noteworthy that the *Rosario* material was furnished before the witness had testified. In fact, the defense counsel was able to cross-examine the witness regarding her telephone call to 911. Since the *Rosario* material was turned over prior to the applicable testimony and the defense counsel was afforded the opportunity to review the material and cross-examine the witness regarding the telephone call, it cannot be said that the prosecution delayed production until after the material was no longer of any value to the defense. Considering that the audiotape was still useful to the defense, its untimely disclosure did not so substantially prejudice the defendant as to require a new trial.

The defendant's remaining contentions are without merit. Santucci, J.P., Schmidt, Townes and Mastro, JJ., concur.