■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NIXZALIZ SANTIAGO, Appellant. [928 NYS2d 602]—

The defendant was convicted of, inter alia, manslaughter in the first degree and assault in the second degree (two counts) of her daughter, seven-year-old Nixzmary Brown, one of the defendant's six children, all of whom lived with her and her husband, Cesar Rodriguez. There was ample evidence adduced at trial that Nixzmary suffered significant child abuse during her life. The People presented the defendant's various oral and videotaped statements to the police wherein she stated, inter alia, that Rodriguez had beaten Nixzmary on various occasions with his hands, a belt, and a ruler, inflicting noticeable bruises; that Nixzmary was kept in a room separate from the other children and sometimes was tied or taped to a chair; and that in November 2005 the defendant pushed Nixzmary to the floor, causing a cut to her forehead which required suturing at a hospital emergency room to close the wound.

The defendant further admitted that sometime between January 10, 2006, and January 11, 2006, she told her already enraged husband that Nixzmary had broken his printer, and encouraged him to question the child. She stated that shortly thereafter, Rodriguez hit Nixzmary, carried her to the bathtub, took off her clothes, and held her head under a stream of cold water. The defendant further stated that she then attended to one of her other children and that, after hearing "like loud banging [noises]" coming from the bathroom, she saw Rodriguez take Nixzmary out of the bathroom, and place her naked onto a bedroom floor. The child was left in this position for an additional two hours before the defendant came back to check on her, whereupon the child was discovered to be cold, moving slightly, and moaning. Although the defendant stated that she then tried to warm Nixzmary by dressing her in a sweater and pants and placing her next to a heater, she again left the child without summoning medical assistance or rendering any other aid. When the defendant next looked in on Nixzmary, the child was not breathing. The People's expert testified at trial that Nixzmary died from a blunt force trauma to the head, which caused a subdural hematoma. He further opined that the hematoma occurred about two days before the child died.

Viewing the evidence in the light most favorable to the prosecution (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we find that it was legally sufficient to establish the defendant's guilt of manslaughter in the first degree beyond a reasonable doubt.

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643 [2006]).

Contrary to the defendant's contention, there was sufficient evidence to support her conviction of assault in the second degree as charged in the fifth count of the indictment, based upon the November 2005 incident in which the child sustained injury as a result of being thrown to the floor. Although the defendant gave contradictory accounts as to how the child sustained this injury, in light of the totality of the testimony at trial, the jury was warranted in rejecting the account in which the defendant claimed that this injury occurred when the child accidentally fell (*see People v Bracey*, 41 NY2d 296, 301 [1977]; *People v Spurgeon*, 63 AD3d 863, 864 [2009]; *see generally People v Wilson*, 49 AD3d 673, 674 [2008]; *People v Bisono*, 37 AD3d 844, 845 [2007]).

Furthermore, the injury constituted a "serious physical injury" within the meaning of the Penal Law, since there was evidence that it resulted in "protracted disfigurement" (Penal Law § 10.00 [10]). In particular, the defendant herself stated that the laceration initially had to be closed with sutures and that, thereafter, it did not properly heal. Nevertheless, the child did not receive any further treatment for this injury, and the defendant further indicated that one month later, the wound appeared infected and "got so ugly" that it caused the child's face to swell. In addition, review of the autopsy photographs reveals that the laceration was still clearly visible and unhealed at the time of the child's death. Accordingly, given this evidence, and especially considering the prominent location of the wound on the face of a young girl, it is apparent that had the child lived, the injury would have resulted in a readily observable protracted disfigurement, and thus it constituted a serious injury within the context of the crime of assault in the second degree (*see* Penal Law § 120.05 [8]; Penal Law § 10.00; *see generally People v Irwin*, 5 AD3d 1122 [2004]; *People v Gagliardo*, 283 AD2d 964 [2001]; *People v Perez*, 184 AD2d 1033 [1992]; *see also People v McKinnon*, 15 NY3d 311 [2010]). Moreover, under the circumstances of this case, we reject the defendant's claim that the

People did not prove the element of protracted disfigurement because the child died approximately six weeks after the injury was inflicted (*see generally People v Perkins*, 15 NY3d 200, 204-205 [2010]).

The defendant correctly contends that she was improperly convicted of assault in the second degree, as charged in the fourth count of the indictment, based upon an injury which occurred when Nixzmary allegedly was tied up with a bungee cord. Based upon this Court's independent view of the grand jury minutes, the defendant was not indicted for assault in the second degree under the fourth count based upon such conduct. Therefore, we dismiss the fourth count of the indictment (*see People v Roberts*, 72 NY2d 489 [1988]; *People v Patterson*, 39 NY2d 288, 294-295 [1976], *affd* 432 US 197 [1977]; *People v Gachelin*, 237 AD2d 300 [1997]; *People v Powell*, 153 AD2d 54, 58 [1989]).

The Supreme Court properly imposed consecutive sentences on the manslaughter and the assault convictions (*see* Penal Law § 70.25; *People v McKnight*, 16 NY3d 43 [2010]).

The remaining sentences imposed are not excessive (*see People v Thompson*, 60 NY2d 513, 519 [1983]; *People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Mastro, J.P., Belen, Sgroi and Miller, JJ., concur.