■ The People of the State of New York, Respondent, v Calvin Sanchez, Appellant. [43 NYS3d 80]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dwyer, J.), rendered July 11, 2011, convicting him of attempted murder in the second degree, assault in the first degree, conspiracy in the second degree, assault in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the conviction of conspiracy in the second degree under count two of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

"A trial court has broad discretion to restrict the scope of voir dire by counsel and indeed must preclude repetitive or irrelevant questioning" (*People v Jean*, 75 NY2d 744, 745 [1989] [citations omitted]; *see People v Boulware*, 29 NY2d 135, 140 [1971]). A restriction on the time allotted for voir dire is generally permissible where defense counsel is "afford[ed] . . . a fair opportunity to question prospective jurors about relevant matters" (*People v Jean*, 75 NY2d at 745; *see* CPL 270.15 [1] [c]; *People v Steward*, 17 NY3d 104, 110-111 [2011]). Here, the record shows that the Supreme Court did not improvidently exercise its discretion in limiting the time allotted to the defendant during voir dire (*see People v Jean*, 75 NY2d at 745; *People v Thompson*, 45 AD3d 876, 877 [2007]; *People v Wheeler*, 268 AD2d 448, 449 [2000]).

There is no merit to the defendant's contentions that the prosecution violated his constitutional rights by failing to inform him of exculpatory information known to the People (*see Brady v Maryland*, 373 US 83 [1963]) and by failing to provide him with prior written or recorded statements made by prosecution witnesses (*see People v Rosario*, 9 NY2d 286 [1961]; CPL 240.45). To the extent that the defendant is contending that he was prejudiced by the late disclosure of certain *Rosario* and *Brady* material, such contention is without merit. The defendant failed to demonstrate that he suffered any prejudice from the delay in disclosure (*see* CPL 240.75; *People v Poladian*, 2 AD3d 755 [2003]; *People v King*, 298 AD2d 530, 531 [2002]; *People v Collins*, 283 AD2d 437, 438 [2001]; *People v Rodriguez*, 269 AD2d 613 [2000]). As to some of the material, it was provided to the defendant before cross-examination of the relevant witness (*see People v King*, 298 AD2d at 531; *People v Page*, 296 AD2d 427, 428 [2002]). As to the other material, including but not limited to the entire burglary file and requested portions of the grand jury minutes, the Supreme Court afforded the defendant the opportunity to review it and recall the relevant witness for cross-examination concerning this material (*see People v Gutierrez*, 273 AD2d 251, 251-252 [2000]). While the People unquestionably have a duty to disclose exculpatory material in their control, a defendant's constitutional right to a fair trial is not violated where, as here, he or she "is given a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's witnesses or as evidence during his [or her] case" (*People v Cortijo*, 70 NY2d 868, 870 [1987]; *see People v Jacob*, 287 AD2d 740, 741 [2001]; *People v Robertson*, 275 AD2d 380 [2000]).

However, we agree with the defendant's contention that the

evidence was legally insufficient to support the conviction of conspiracy in the second degree. While the defendant failed to preserve this challenge, we reach it in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]). The defendant was charged with conspiracy in the second degree based on his alleged agreement to engage in the crime of criminal possession of a controlled substance in the second degree, which requires the knowing and unlawful possession of a controlled substance of an aggregate weight of four or more ounces (*see* Penal Law §§ 105.15, 220.18 [1]). Here, there was legally insufficient evidence that the defendant agreed to possess four or more ounces of cocaine (*see People v Reales*, 27 AD3d 584 [2006]; *People v Dathan*, 27 AD3d 575 [2006]).

The sentence imposed was not excessive (*see People v Delgado*, 80 NY2d 780 [1992]; *People v Thompson*, 60 NY2d 513, 519 [1983]; *People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions have been rendered academic in light of our determination. Dillon, J.P., Dickerson, Hinds-Radix and Maltese, JJ., concur.