People v Brooks (2018 NY Slip Op 06555)





People v Brooks


2018 NY Slip Op 06555


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-00711
2016-06083
 (Ind. No. 2085/15)

[*1]The People of the State of New York, respondent,
v
Derrick Brooks, appellant.


The Legal Aid Society, New York, NY (Allen Fallek of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Keith Dolan, and Kristen A. Carroll of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (Raymond Guzman, J.), rendered December 10, 2015, convicting him of assault in the second degree, criminal possession of a weapon in the fourth degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence, and (2) a resentence of the same court imposed December 22, 2015.
ORDERED that the judgment and the resentence are affirmed.
On September 11, 2013, after the defendant was told that one of his children was not permitted to board a school bus, the defendant threw part of a cinderblock through one of the windows of the school bus. The window shattered and a five-year-old child was injured. The child underwent surgery to close two complex lacerations to her face—one above her eye and the other above her upper lip. The defendant was charged with various crimes as a result of the incident. The victim testified at trial two years later, and the jury had the opportunity to view the scars on her face. The defendant was convicted of assault in the second degree, criminal possession of a weapon in the fourth degree, and endangering the welfare of a child.
A person commits assault in the second degree under Penal Law § 120.05(4) when he or she "recklessly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument." Contrary to the defendant's contention, there was legally sufficient evidence of the defendant's guilt of that crime. Specifically, viewing the evidence in the light most favorable to the People, we find that the evidence was legally sufficient to establish beyond a reasonable doubt that the victim sustained a serious physical injury (see Penal Law § 10.00[1]; People v Contes, 60 NY2d 620, 621; People v Santiago, 87 AD3d 707, 709).
The defendant's contention that the Supreme Court improperly charged the jury with respect to the definition of "serious physical injury" is unpreserved for appellate review (see People v Devaughn, 84 AD3d 1394, 1396; People v Stapleton, 41 AD3d 744, 745) and, in any event, is without merit.
DILLON, J.P., BALKIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court