People v Johnson (2018 NY Slip Op 07328)





People v Johnson


2018 NY Slip Op 07328


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2012-07120
 (Ind. No. 5121/10)

[*1]The People of the State of New York, respondent,
v
Isa Johnson, appellant.


The Legal Aid Society, New York, NY (David Crow and Quinn Emanuel Urquhart & Sullivan, LLP [Deborah S. Sohn], of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Paul Hastings LLP [Gary F. Giampetruzzi and Inna Coleman], of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Alan Marrus, J.), rendered July 16, 2012, convicting him of manslaughter in the first degree and attempted assault in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
There is no merit to the defendant's contention that the Supreme Court should have granted his motion for a mistrial based on the prosecution's failure to timely disclose information pertaining to a pending criminal action against a prosecution witness (see Brady v Maryland, 373 US 83; People v Rosario, 9 NY2d 286; CPL 240.45[1][c]). The defendant failed to demonstrate that he suffered any prejudice from the delay in disclosure (see CPL 240.75; People v Sanchez, 144 AD3d 1179, 1180; People v King, 298 AD2d 530, 531; People v Rodriguez, 269 AD2d 613), and the information was provided to the defendant before cross-examination of the relevant witness (see People v Sanchez, 144 AD3d at 1180; People v King, 298 AD2d at 531).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80). The fact that a codefendant who pleaded guilty received a more lenient sentence does not warrant a reduction of the defendant's sentence (see People v Leduc, 140 AD3d 1305, 1307; People v Merchant, 171 AD2d 887, 888).
RIVERA, J.P., MALTESE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court