People v Marom (2021 NY Slip Op 50707(U))

[*1]

People v Marom (Michael)

2021 NY Slip Op 50707(U) [72 Misc 3d 133(A)]

Decided on July 22, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 22, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., JERRY GARGUILO, TIMOTHY S.
DRISCOLL, JJ

2019-778 W CR

The People of the State of New York,
Respondent, 
against
Michael Marom, Appellant. 

Michael Marom, appellant pro se.
Westchester County District Attorney (Brian R. Pouliot and William C. Milaccio of counsel), for
respondent.

Appeal from a judgment of the Justice Court of the Town of Greenburgh, Westchester
County (Bonnie L. Orden, J.), rendered March 29, 2019. The judgment convicted defendant,
upon a jury verdict, of criminal contempt in the second degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Following a jury trial, defendant was convicted of criminal contempt in the second degree
(Penal Law § 215.50 [3]). On appeal, defendant contends, among other things, that late
disclosure of two trial exhibits constituted a Brady violation (see Brady v
Maryland, 373 US 83 [1963]); that an order of protection should not have been issued in
favor of a certain individual; and that his CPL 330.30 motion to set aside the verdict on the
ground of newly discovered evidence should have been granted.
Defendant's claim of a Brady violation is without merit. One item which defendant
contends was untimely produced was admitted into evidence after inspection and without
objection by defendant (see People v Sanchez, 212 AD2d 487, 488 [1995]). The second
item which defendant contends was untimely produced was also admitted into evidence after
inspection by defendant (see id.) and was provided to defendant before cross-examination
of the relevant witnesses (see People v King, 298 AD2d 530, 531 [2002]). While the
People unquestionably have a duty to disclose exculpatory material in their control, a defendant's
constitutional right to a fair trial is not violated where, as here, he "is given a meaningful [*2]opportunity to use the allegedly exculpatory material to
cross-examine the People's witnesses or as evidence during his case" (People v Cortijo,
70 NY2d 868, 870 [1987]; see People v Sanchez, 144 AD3d 1179, 1180 [2016]).
Defendant's contention that the court should not have issued an order of protection in favor
of an individual who was allegedly not an "eyewitness" is without merit. CPL 530.13 (4) (a)
provides, as relevant here, that when a court is sentencing a defendant on a conviction for "any
offense," it may issue an order of protection directing the defendant to stay away from "any
witness . . . of such offense." Here, the order of protection was issued in favor of an individual
who testified that she observed and overheard the offense. Consequently, contrary to defendant's
contention, the court had the authority to issue an order of protection in favor of that individual
(see CPL 530.13 [4] [a]; People v Daniel A., 183 AD3d 909 [2020]).
Finally, we agree with the court's denial, without a hearing, of defendant's motion, pursuant
to CPL 330.30, to set aside the verdict on the ground of newly discovered evidence (see
CPL 330.30 [3]; People v Miller, 186 AD3d 1717, 1719 [2020]).
Defendant's remaining contentions are without merit.
Accordingly, the judgment of conviction is affirmed.
RUDERMAN, P.J., GARGUILO and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 22, 2021