People v Lin Li (2022 NY Slip Op 04565)

People v Lin Li

2022 NY Slip Op 04565

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2020-04863
 (Ind. No. 2374/16)

[*1]The People of the State of New York, respondent,
v
Lin Li, appellant.

Wang Law Office, PLLC, Flushing, NY (Jean Wang of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, Julian Joiris, and Andrew S. Ayala of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Deborah A. Dowling, J.), rendered February 26, 2020, convicting her of manslaughter in the first degree, attempted assault in the first degree, and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress her statements to law enforcement officials.
ORDERED that the judgment is affirmed.
Following the March 13, 2016 death of the defendant's two-year-old daughter and a subsequent investigation regarding the defendant's alleged physical abuse of both the daughter and the defendant's four-year-old son, the defendant was tried and convicted of manslaughter in the first degree as to the daughter, attempted assault in the first degree as to the son, and endangering the welfare of both children. The evidence at trial included over nine hours of the defendant's videotaped police interrogation with a police officer interpreting Mandarin for the defendant. The defendant was read and purportedly waived her Miranda rights (see Miranda v Arizona, 384 US 436). During the police interrogation, the defendant admitted to forcibly pushing her children's heads under water as a form of punishment.
The defendant stated that, on March 13, 2016, she was bathing the daughter in a plastic bin inside of the bathtub. The defendant admitted that because she was angry with the daughter for urinating on herself, she scolded and spanked the child, and pushed the daughter's head under the water while the child struggled against her. After the defendant saw air bubbles surfacing from the daughter in the bin, the defendant left her daughter alone in the bathroom. When the defendant returned to the bathroom, she found the daughter unresponsive in the plastic bin. Expert testimony at trial established that the daughter died by drowning, and that the bruising on the daughter's face, torso, shoulders, upper and lower back, hips, buttocks, and thighs were consistent with forcible gripping.
As to the son, the defendant admitted that she would frequently discipline him by forcing him to stand and stare at the wall for extended periods of time. She also forced his head [*2]under the water while he was in the bath. The defendant admitted that, on March 12, 2016, the defendant forced the son's head under water in the bath, causing him to struggle against her, and told the police that she did this because she could not control her emotions. The son's March 14, 2016 medical records confirmed physical child abuse.
On appeal, the defendant argues, inter alia, that her videotaped statements made to law enforcement officials should be suppressed and that the evidence was not legally sufficient to support her convictions. We disagree.
The record supports the Supreme Court's determination that the defendant's admissions were voluntarily made after the defendant knowingly, voluntarily, and intelligently waived her Miranda rights (see People v Santos, 200 AD3d 1075; see generally Miranda v Arizona, 384 US 436). The evidence presented at the suppression hearing demonstrated that a police officer read the Miranda rights in Mandarin for the Mandarin-speaking defendant. The defendant confirmed that she understood the rights read to her (see People v Garcia, 199 AD3d 701; People v Alvarenga, 190 AD3d 762; People v Zelaya, 170 AD3d 1206, 1207), and that she was capable of understanding "both the nature of the rights [s]he was waiving and the consequences of [her] decision to abandon those rights" (People v O'Brien, 186 AD3d 1406, 1407, citing People v Schompert, 19 NY2d 300, 305; see People v Van Guilder, 29 AD3d 1226, 1227-1228).
Moreover, the defendant's contention that the interpretation of her statement from Mandarin to English was inaccurate is largely based on matter dehors the record and cannot be reviewed on direct appeal (see People v Anderson, 197 AD3d 713). To the extent that the contention may be reviewed upon the record before us, it is without merit, and the use of a police officer as the language interpreter was not per se improper (see e.g. People v Torres, 177 AD3d 579). Therefore, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress her statements made to the police.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that the evidence was legally sufficient to prove beyond a reasonable doubt the defendant's guilt of manslaughter in the first degree (Penal Law § 125.20[1]; see People v Heil, 188 AD3d 911, 912; People v Santiago, 87 AD3d 707, 708), attempted assault in the first degree (Penal Law §§ 110.00; 120.10[1]; see People v Martinez, 199 AD3d 834), and endangering the welfare of a child (two counts) (Penal Law § 260.10[1]; see People v Duncanson, 200 AD3d 905; People v Acevedo-Lopez, 200 AD3d 788). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633; People v Santiago, 87 AD3d at 708).
There is no merit to the defendant's contention that she is entitled to reversal of her convictions based upon the prosecution's failure to timely disclose allegedly pertinent material, including a paramedic's report, a detective's memo book, and reports and vouchers generated by the police department (see Brady v Maryland, 373 US 83; People v Rosario, 9 NY2d 286). The record shows that all relevant information was provided to the defense during trial, if not sooner (see People v Johnson, 165 AD3d 1287, 1287-1288; People v Sanchez, 144 AD3d 1179, 1180; People v King, 298 AD2d 530, 531), and the defendant failed to demonstrate that she suffered any prejudice from the alleged delays in disclosure (see People v Sanchez, 144 AD3d at 1180).
The defendant also waived any objection to the Supreme Court's granting of the People's application to reopen their case. The defendant unequivocally consented to the People reopening their case to admit additional testimony from their expert (see People v Burns, 183 AD3d 835, 836; People v Williams, 168 AD3d 770).
The defendant's contention that it was error for the Supreme Court to allow the [*3]People to present evidence of alleged hearsay statements made by the son is unpreserved for appellate review, as it was not raised before the court (see CPL 470.05[2]; People v Honghirun, 133 AD3d 882, affd 29 NY3d 284). Moreover, this contention was waived, as defense counsel referenced these statements during her cross-examination of a police witness (see People v Honghirun, 133 AD3d 882; People v Stalter, 77 AD3d 776, 776-777; People v Brown, 57 AD3d 1461, 1462).
The defendant's contention that she should have been allowed to use the video footage of her husband's interview to impeach a police witness is also unpreserved for appellate review (see CPL 470.05[2]). In any event, this evidence was properly excluded under the circumstances of this case "because it was repetitive and collateral, and posed an undue risk of confusion of the issues" (People v Bowen, 67 AD3d 1022, 1023; see People v Jack, 149 AD3d 779, 780). The Supreme Court also did not err in denying the defense's request to call certain witnesses where "there was a complete failure to demonstrate any relevance" with regard to their proposed testimony (People v Billups, 132 AD2d 612, 613). Additionally, the hypothetical questions asked by the People of the defendant's experts were properly "premised upon the existence of [facts] that the evidence fairly tended to support" (People v Cruz, 233 AD2d 102, affd 90 NY2d 961; see Tarlowe v Metropolitan Ski Slopes, 28 NY2d 410, 414).
Finally, the defendant's contention that the duration of a final order of protection issued at the time of sentencing on behalf of the son exceeded the maximum period permissible under CPL 530.13(4)(A) is unpreserved for appellate review, as she failed to raise this issue at sentencing or move to amend the final order of protection on this ground (see CPL 470.05[2]; People v Nieves, 2 NY3d 310, 316-317; People v Colon, 187 AD3d 780). We decline to reach the issue in the exercise of our interest of justice jurisdiction (see People v Steward, 193 AD3d 888, 889; see generally People v Nieves, 2 NY3d at 317).
The defendant's remaining contentions are without merit.
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court