People v Escobargarcia (2025 NY Slip Op 02603)

People v Escobargarcia

2025 NY Slip Op 02603

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-08587
 (Ind. No. 70203/20)

[*1]The People of the State of New York, respondent,
v
Erick Escobargarcia, appellant.

Steven A. Feldman, Manhasset, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Grazia DiVincenzo of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Karen M. Wilutis, J.), rendered September 26, 2022, convicting him of course of sexual conduct against a child in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Eastman, 234 AD3d 985, 986; People v Stevens, 203 AD3d 958, 959).
The defendant's valid waiver of his right to appeal precludes appellate review of his challenge to the County Court's suppression determination (see People v Hightower-Castro, 219 AD3d 504, 505; People v Barnes, 210 AD3d 792, 793).
The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent survives his waiver of the right to appeal (see People v Bennett, 122 AD3d 871, 872). However, the defendant failed to preserve this contention for appellate review, since he did not move to withdraw his plea or otherwise raise the issue before the County Court (see People v Lopez, 71 NY2d 662, 665; People v Melvin, 165 AD3d 1291, 1291). In any event, the defendant's contention is without merit, since the record clearly establishes that his plea of guilty was knowingly, voluntarily, and intelligently entered after he was fully advised of the rights that he was forfeiting by pleading guilty (see People v Sougou, 26 NY3d 1052, 1055; People v Okay, 172 AD3d 1104, 1104-1105).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 255-256), as well as his contention that the sentence violated his constitutional rights against cruel and unusual punishment (see People v Yakubov, 204 AD3d 1043, 1044).
The defendant's contentions concerning the duration of a final order of protection issued at the time of sentencing are unpreserved for appellate review, as he failed to raise any of [*2]these issues at sentencing or move to amend the final order of protection on the ground that it was improper (see CPL 470.05[2]; People v Nieves, 2 NY3d 310, 316-317; People v Lin Li, 207 AD3d 566, 570). We decline to reach these issues in the exercise of our interest of justice jurisdiction (see People v Lin Li, 207 AD3d at 570).
The defendant's remaining contention is without merit.
CONNOLLY, J.P., MILLER, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court